IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARS OF YESTERDAY, INC. a Florida )<br>Corporation; and MARVIN FRIEDMAN, an )<br>individual )<br>)<br>Defendant. ) | Case No. 07-cv-6504<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Morton Denlow |

**JOINT STATUS REPORT**

Plaintiff John S. Stafford, III, ("Stafford") and Defendants Cars of Yesterday, Inc. ("COY") and Marvin Friedman ("Friedman"), by and through their attorneys, hereby file the parties' joint status report as follows:

A.   INITIAL STATUS: This matter is set for initial status on February 7, 2008 at 9:00 a.m.

B.   ATTORNEYS OF RECORD: Plaintiff is represented by Ira M. Levin and Alexander D. Marks, Burke, Warren, MacKay & Serritella, P.C., 330 N. Wabash Ave., 22nd Floor, Chicago, IL 60611, 312-840-7000. Mr. Levin is expected to try the case. Defendants are represented by Bradley B. Falkof, Barnes & Thornburg, LLP, One N. Wacker Dr., Suite 4400, Chicago, IL 60606, 312-357-1313. Mr. Falkof is expected to try the case.

C.   BASIS OF FEDERAL JURISDICTION: Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.

    D.    <u>STATUS OF JURY REQUEST</u>:  Neither party has requested a jury.

    E.    <u>CLAIMS ASSSERTED AND BRIEF FACTS</u>:

Stafford, an Illinois resident, has alleged two fraud claims in connection with his purchase of a 1957 Cadillac Eldorado Brougham (the "Vehicle") from COY, a Florida corporation, for which he paid $130,000:  (1) a claim under the Illinois Consumer Fraud Act; and (2) a claim for common law fraud.

COY markets and sells classic cars throughout the United States.  Freidman, a Florida resident is the owner of COY.  In reliance on certain written and oral pre-sale representations made by Friedman and COY about the Vehicle, Stafford purchased the Vehicle from COY.

Upon delivery of the Vehicle, Stafford learned that the representations of Freidman and COY were false, including that the undercarriage of the Vehicle was not rust free or immaculate; on the contrary, it contained significant structural damage including a rusted out hole; all of the chrome, trim and pot metal of the Vehicle was not redone as represented; the engine had not been removed; the Vehicle did not have all new rubber seals and gaskets; and the Vehicle was not in "showroom condition;" specifically, the transmission and differential were leaking, the engine had coolant and oil leaks, there was overspray paint on the moldings, the paint finish showed shrinkage, dirt and texture inconsistencies, the air conditioning system did not operate, two of the power windows were not working, and the brakes were not operating.

Defendants have denied the allegations in the Complaint and asserted by way of an affirmative defense that the transaction between the parties is controlled by a Purchase Contract executed by Stafford.  The Purchase Contract advises Stafford to conduct an inspection of the vehicle, prior to making any decision to purchase the vehicle, and provides that the vehicle is being sold "As Is Where Is" and without any warranty, either express or implied.  Stafford

waived any right to complain about the transaction by failing to inspect the vehicle and accepting the vehicle "as is."

F. RELIEF SOUGHT: Stafford is requesting $130,000 in actual damages, representing the purchase price of the Vehicle, along with punitive damages of $500,000, plus his costs. COY is seeking reimbursement of its attorneys fees, in accordance with the attorneys fees provision (section 5) of the Purchase Contract.

G. STATUS OF SERVICE: All defendants have been served in this matter.

H. PRINCIPLE LEGAL ISSUES: The principle legal issues in this case are (1) whether COY and Friedman violated the Illinois Consumer Fraud Act, 815 ILCS 505/2 based upon the alleged false and/or deceptive oral and written statements about the Vehicle in order to induce Stafford to purchase the Vehicle, and (2) whether such alleged false representations and deceptive conduct was intentional so as to establish a claim for common law fraud. In addition, under both the Illinois Consumer Fraud Act and common law fraud, punitive damages are recoverable if the alleged acts are performed with malice, evil motive, or reckless indifference to the rights of others. Smith v. Prime Cable of Chicago, 276 Ill. App. 3d 843, 857, 658 N.E.2d 1325, 1336 (1st Dist. 1995); Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc., 181 Ill. 2d 214, 226-227, 692 N.E.2d 269 (1998).

Defendants has asserted an affirmative defense predicated on a written warranty disclaimer that the Vehicle was sold "as is."

I. PRINCIPLE FACTUAL ISSUES: The principle factual issues relate to the representations made by COY and Freidman about the Vehicle, any factual issues regarding the sale itself, and possible factual issues over the Vehicle itself.

J. <u>ANTICIPATED MOTIONS</u>: Defendants anticipate filing a Motion to Transfer Venue from the United States District Court for the Northern District of Illinois to the United States District Court for the Southern District of Florida.

K. <u>PROPOSED DISCOVERY PLAN</u>: The parties have each served interrogatories and document requests. In addition, both parties anticipate oral fact and expert depositions. Accordingly, the parties propose the following discovery schedule: all written discovery shall be noticed in time to be completed on or before March 30, 2008; all oral discovery shall be completed on or before May 30, 2008; and all expert disclosures, expert depositions, and all discovery to be completed on or before July 30, 2008.

L. <u>EARLIEST TRIAL DATE</u>: The parties could be ready for trial by September of 2008. The probable length of trial is 2 days.

M. <u>STATUS OF SETTLEMENT NEGOTIATIONS</u>: The parties have exchanged settlement proposals, but have not reached any agreement.

N.    <u>MAGISTRATE JUDGE</u>:   The parties have not consented to a trial before the magistrate.

                                  Thomas Stafford, an individual

                                  By:   /s Ira M. Levin
                                         One of his Attorneys

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611

                                Cars of Yesterday, Inc., a Florida Corporation, and Marvin Friedman, an individual

                                By:   /s Bradley B. Falkof
                                       One of their Attorneys

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
458998.1