**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

JOHN S. STAFFORD, III, an individual,    )
                                    )
        Plaintiff,                   )
                                      )    Court No:    07 C 6504
-vs-                                  )    Judge Gettleman
CARS OF YESTERDAY, INC., a Florida    )    Magistrate Judge Denlow
Corporation; and MARVIN FRIEDMAN, an    )
individual,                            )
                                      )
        Defendants.               )

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE

Defendants, Cars of Yesterday, Inc. ("Cars") and Marvin Friedman ("Friedman"), by their attorneys, Bradley B. Falkof and Barnes & Thornburg LLP, file herewith their Memorandum of Law in Support of their Motion to Transfer Venue, pursuant to U.S.C. 28 §1404(a).

### Background Facts

On November 16, 2007, Plaintiff a two count Complaint against Defendants, alleging violation of the Consumer Fraud Act and common law fraud, arising out of Plaintiff's purchase of a 1957 Cadillac Eldorado Brougham (the "Vehicle") from the Defendants. Plaintiff claims that he first learned of the Vehicle as the result of seeing the Vehicle posted on an eBay auction web site. Plaintiff claims that, as a result of representations made in the eBay posting, in addition to conversations he had with Friedman, Plaintiff agreed to purchase the Vehicle for $130,000. Plaintiff further claims that, upon receipt of the Vehicle in Chicago, he discovered a number of problems with the Vehicle, which caused Plaintiff to revoke his acceptance of the Vehicle and demand that Cars refund Plaintiff the $130,000 purchase price.

Paragraph 11 of the Complaint contains a list of conditions Plaintiff claims he found upon receipt of the Vehicle, which caused him to revoke his acceptance of the Vehicle.

"(a)    The undercarriage of the body of the Vehicle was not rust free or immaculate; on the contrary, it contained significant structural damage including a rusted out hole and was otherwise blemished and caked with substances.

(b)    all of the chrome, trim and pot metal of the Vehicle was not redone;

(c)    the engine had not been removed;

(d)    the Vehicle did not have all new rubber seals and gaskets; and

(e)    the Vehicle was not in "showroom condition;" specifically, in addition to the above conditions, the transmission and differential were leaking, the engine had coolant and oil leaks, there was overspray paint on the moldings, the paint finish showed shrinkage, dirt and texture inconsistencies, the air conditioning system did not operate, two of the power windows were not working, and the brakes were not operating."

The Defendants have filed a Motion to Transfer, pursuant to 28 U.S.C. § 1404(a), as the Purchase Contract entered into between the parties provides for jurisdiction in Broward County, Florida, almost all of the witnesses are located in Florida, and the interest of justice would be better served by litigating this case in Florida.

## ARGUMENT

**I.    STANDARD OF DECISION.**

28 U.S.C. § 1404(a) provides:

"For the convenience of parties or witnesses, in the interest of justice, a District Court may transfer any civil action to any other District or Division where it might have been brought." 28 U.S.C. § 1404(a)

Under this section, transfer is proper if: (1) venue is proper in both the transferor or transferee court; (2) the transfer is for the convenience of the parties and the witnesses; and (3) the transfer is in the interest of justice. *Mitchell v. First Northern Credit Union*, 2007 U.S. Dist. LEXIS 7492 (N.D. Ill. 2007); *Boyd v. Snyder*, 44 F. Supp 966, 968 (N.D. Ill. 1999). The weighing of the factors militating for or against transfer is left to the sound discretion of the trial judge. *Coffey v. VenDorn Iron Works*, 796 F. Supp. 217, 219 (7th Cir. 1986).

**II.    VENUE.**

Venue is proper in both the Northern District of Illinois and the Southern District of Florida. 28 U.S.C. § 1391(a). The alleged misrepresentations were made to Plaintiff in Chicago. At the same time, venue is proper in the "district where any defendant resides." In the instant case, both Defendants reside in Ft. Lauderdale, Florida.

In addition, the Purchase Contract, entered into between Plaintiff and Cars, a copy of which is attached as Exhibit A to the Affidavit of Marvin Friedman, a copy of which is attached hereto as Exhibit 1, provides on page 2 that "Legal jurisdiction of this contract is in Broward County, State of Florida." *See* paragraph 5 of Terms & Conditions of Purchase Contract. Paragraph 6 of the Terms & Conditions provide that "the jurisdiction of this transaction is in Broward County, Florida." *See* paragraph 6 of Terms & Conditions of Purchase Contract.

## III.    CONVENIENCE OF THE PARTIES AND WITNESSES.

In evaluating the relative convenience and fairness of transfer under Section 1404(a), the Courts consider both the private interest of the parties and the public interest of the Court. The private interests of the parties include: (1) Plaintiff's choice of forum; (2) situs of material events; (3) relative ease of access to sources of proof in each forum, including the Court's power to compel appearance of unwilling witnesses at trial, and (4) costs of obtaining attendance of witnesses. *Mitchell v. First Northern Credit Union* at *6; *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The public factors include the Court's familiarity with the applicable law, the efficient administration of justice, and the desirability of resolving controversies in their locale. *Mitchell* at *6; *Medi U.S.A., L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992).

While a plaintiff's choice of forum is given substantial weight, this factor is not usually dominant. *Georgouses v. Natec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997). Indeed, the weight given to the Plaintiff's choice of forum can vary, depending on the circumstances of

each individual case. For example, where the Plaintiff's choice of forum is not the situs of the material events, Plaintiff's choice of forum is entitled to less deference. *See Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp 1125, 1129 (N.D. Ill. 1989). In the instant case, Plaintiff's choice of forum should be given less weight, since the Plaintiff executed a contract which identifies the forum for disputes arising out of the contract as Broward County, Florida.

Even more important in this case, is the fact that almost all of the witnesses are located in Florida, not Illinois. The convenience of witnesses who will testify at trial is one of the most important factors in deciding on an appropriate forum. *G.E. Warranty Management, Inc. v. Good Guys, Inc.*, 2006 U.S. Dist. LEXIS 19622 (N.D. Ill. 2006). While it is usually assumed that witnesses within the control of the parties will appear voluntarily, the courts give more attention when the locations of the non-party witnesses are not within the control of the parties. *G.E. Warranty, supra*, at *9; *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. ill. 2002).

In the instant case, the success of Plaintiff's claim turns on whether certain work was performed on the Vehicle and the quality of the work performed on the Vehicle. The only people who can testify as to those issues are the people who actually worked on the Vehicle. That list includes the following persons and companies:

1.  Mechanical/Engine Repairs and Restoration

> Russ Jung
> 3557 N.W. 9th Terrace
> Oakland Park, Florida 33309

Mr. Jung worked on the restoration of the Vehicle's engine.

> Larry's Automotive
> 4771 Powerline Road
> Fort Lauderdale, Florida 33309

A representative of Larry's Automotive worked on the generator, the starter, and the voltage

regulator, on the Vehicle.

DeVeaux Carburetors
4059 N.W. 6th Avenue
Fort Lauderdale, Florida 33309

A representative of DeVeaux Carburetors worked on rebuilding the carburetors in the Vehicle.

Midas Muffler Shop
1000 Federal Highway
Pompano Beach, Florida 33060

A representative of Midas Muffler Shop worked on the exhaust, mufflers, tailpipes, and clamps for the Vehicle.

Radiator Express
4358 N. Dixie Highway
Oakland Park, Florida 33309

A representative of Radiator Express worked on the Vehicle's radiator.

Interior Restoration

John O. Interiors
512 S. Dixie Highway
Pompano Beach, Florida 33060

A representative of John O. Interiors worked on the interior, including the carpeting, the trunk lining, the dashboard, and the headliner.

Classic Auto A/C in Tampa
2020 West Kennedy Boulevard
Tampa, Florida 33606

A representative of Classic Auto worked on the Vehicle's air conditioning system.

Exterior Body Work

Marvin Turner
420 S.W. 18th Street
Pompano Beach, Florida 33060

Mr. Turner did paint and body work on the car and also assisted in the disassembly and reassembly of the car before and after the body work and painting of the car was done.

John Turner
420 S.W. 18th Street
Pompano Beach, Florida 33060

Mr. Turner did paint and body work on the car and also assisted in the disassembly and reassembly of the car before and after the body work and painting of the car was done.

Jason Turner
420 S.W. 18th Street
Pompano Beach, Florida 33060

Mr. Turner did paint and body work on the car and also assisted in the disassembly and reassembly of the car before and after the body work and painting of the car was done.

Felix Raynoso
R&H Plating
3062 Northwest 23rd Terrace
Oakland Park, Florida 33309

Mr. Raynoso worked on the chrome, the trim, pot metal, and polishing of the exterior of the Vehicle.

Charlie's Auto Glass
4091 North Dixie Highway
Pompano Beach, Florida 33060

A representative of Charlie's Auto Glass worked on removing and replacing the Vehicle's windows.

Miscellaneous

Santiago Gonzalez
5727 Greene Street
Hollywood, Florida 33021

Mr. Gonzalez worked on the disassembly and reassembly of the car, helping to remove the engine, removing the air conditioning components and reinstalling the windows, dash, electric lights, seats, switches, and other parts of the car.

Abraham Shevin
4807 McKinley Street
Hollywood, Florida 33021

Mr. Shevin worked on the disassembly and reassembly of the car, helping to remove the engine, removing the air conditioning components and reinstalling the windows, dash, electric lights, seats, switches, and other parts of the car.

Howard
Santa Rosa Towing Company
1850 N.W. 29th Street
Oakland Park, Florida

Howard towed the Vehicle approximately twelve times to the various shops identified above, so that work could be performed on the Vehicle.

See Affidavit of Richard Hofberg attached hereto as Exhibit 1.

In addition to the above, Cars has identified a number of witnesses who have knowledge of the value of the Vehicle and the terms and conditions of the sale. These people include Dave Rupp, located in Lantana, Florida, and Donnie Gould, located in Fort Lauderdale, Florida. See Hofberg Affidavit.

Any witnesses that the Defendant will call will be located in the Southern District of Florida and most, if not all, of the documentary evidence relating to the work performed on the Vehicle is located in Florida. If this case were to proceed in Illinois, all of the Florida witnesses would have to be flown in from out of state and the evidence and records located at each of these witnesses' offices would have to be transported to the Northern District of Illinois. Additionally, and most importantly, the Northern District of Illinois would have significant difficulty issuing subpoenas to unwilling non-party witnesses located in Florida. *See Mitchell* at *11.

It is clear that the relative ease of access to sources of proof in each of the possible forums should dictate that this Court rule in favor of transfer. Any, if not all, of the evidence necessary for Defendants to defend themselves in this case is located in Florida, not Illinois. All of the witnesses who worked on the Vehicle, all of the records regarding work performed on the Vehicle, and all of the opinion witnesses with knowledge of the Vehicle, are located within the jurisdiction of the United States District Court for the Southern District of Florida. This case is not one where transferring the case merely shifts the inconvenience from one party to another, as trial of this case is close to impossible without the presence of the witnesses necessary to testify about the work they performed on the Vehicle.

## IV.    INTEREST OF JUSTICE.

The interest of justice factor pertains to the "efficient administration of the court system," which is a separate and distinct component of the Section 1404(a) analysis. *Mitchell* at *10. The interest of justice factor includes such issues as the speed at which the case will proceed to trial, the Court's familiarity with the applicable law, and the local interest in having controversies decided at home. *See Mitchell* at *10-11. *See also Law Bulletin Publishing Co. v. LRP Publications*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

In the instant case, the interest of justice favors transfer of this case to the Southern District of Florida. First, this case would proceed to trial much faster if it is transferred to the Southern District of Florida. According to the latest statistics from the United States District Court, the median time interval from filing to trial is 28.7 months in the United States District Court for the Northern District of Illinois, while the median time interval for cases to proceed to trial in the Southern District of Florida is 17.2 months. At the same time, the median time interval for disposition of all cases, regardless of how they were resolved, is 6.3 months in Illinois and 5.9 months in the Southern District of Florida.

Finally, a District Court sitting in diversity must apply the choice of law principles of its forum state to determine which law governs the case. *Toriumi v. The Ritz-Carlton Hotel*, 2006 U.S. Dist. LEXIS 82324 (N.D. Ill. 2006). Illinois uses the "most significant relationship" test to determine the choice of law for a tort case. To determine which state has the most significant relationship to this dispute, the courts consider the place where the injury occurred, the place where the conduct causing the injury occurred, the parties' residences and places of business, and the place where the parties' relationship, if any, is centered. In the instant case, while the alleged injury arguably occurred in Illinois, the alleged injury-causing conduct occurred in Florida, and the parties' relationship is centered there. Indeed, the parties previously agreed in the Buyer's

8

Purchase Order that the jurisdiction of this case is in Broward County, Florida. Therefore, Florida has a more significant relationship to this case than does Illinois, and its law should apply to the facts of this case.

## CONCLUSION

The evidence available demonstrates that the majority of proof, in terms of quantity and quality, is located in the Southern District of Florida. In particular, the affidavits and other submissions by the Defendants demonstrate that the majority of non-party witnesses are located in the vicinity of Fort Lauderdale, Florida, in the Southern District of Florida.

Accordingly, for the convenience of the parties and the witnesses, and in the interest of justice, the Defendants, Cars of Yesterday, Inc., and Marvin Friedman, move this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this case from the United States District Court for the Northern District of Illinois to the United States District Court for the Southern District of Florida.

Respectfully submitted,

CARS OF YESTERDAY, INC., and MARVIN FRIEDMAN

By:____ /s/ Bradley B. Falkof_____
                   One of Their Attorneys

Bradley B. Falkof
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 BBF 446328v1