IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual,  )<br>  )<br>    Plaintiff,  )<br>  )<br>-vs-  )<br>  )<br>CARS OF YESTERDAY, INC., a Florida  )<br>Corporation; and MARVIN FRIEDMAN, an  )<br>individual,  )<br>  )<br>    Defendants.  ) | Court No:   07 C 6504<br><br>Judge Gettleman<br>Magistrate Judge Denlow |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

The Defendant, Marvin Friedman ("Friedman"), by his attorneys, Bradley B. Falkof of Barnes & Thornburg LLP, for his Answer to the Complaint in this cause, states as follows:

### PARTIES AND JURISDICTION

1. Stafford is an individual residing in Chicago, Cook County, Illinois.

**ANSWER:** Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore denies said allegations.

2. COY is a Florida Corporation that represents itself as a company that markets and sells classic cards from the 1920s through the 1970s throughout the United States. COY's principal place of business is in Fort Lauderdale, Florida.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Friedman is an individual who, upon information and belief, resides in Florida, and is the owner of COY.

**ANSWER:** Defendant admits that he resides in Florida, but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2) and (a)(3) because a substantial part of the events giving rise to the claims occurred in Illinois and COY is subject to personal jurisdiction in Illinois.

**ANSWER:** Defendant admits that venue is proper in the Northern District of Illinois, but denies that venue of this lawsuit, under 28 U.S.C. § 1404(a), should remain in the Northern District of Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

6. In or about September 2007, COY posted a listing on the eBay Motors' auction website to sell a 1957 Cadillac Eldorado Brougham (the "Vehicle") in which COY represented, among other things, that:

   (a) COY would provide the auction winner with the "the mountain of bills and receipts" it had for the over $100,000 it spent refurbishing the Vehicle,

   (b) "every piece of chrome, trim and pot metal was redone,"

   (c) the engine was "removed,"

   (d) the Vehicle had "all new rubber seals and gasket," and

   (e) the undercarriage of the Vehicle was "immaculate."

**ANSWER:** Defendant admits the allegations contained in Paragraph 6(a) through 6(d) of the Complaint, but denies that the representation alleged in Paragraph 6(e) was a part of the original eBay auction listing.

7. Stafford saw the eBay posting and in September of 2007, from his office in

2

Chicago, talked with Friedman by telephone and expressed an interest in purchasing the Vehicle. At that time, Friedman, in addition to confirming the above-described representations in the eBay posting, orally represented to Stafford that the Vehicle was "rust free," and that he had spent over $100,000 in refurbishing the Vehicle, the receipts of which he would provide Stafford when the Vehicle was delivered to Stafford. Friedman also represented that he would provide receipts showing that he spent $25,000 for all of the vanities associated with the Vehicle.

**ANSWER:** Defendant admits that, in September 2007, Plaintiff spoke with Friedman, at which time Friedman advised him that he had spent over $100,000 in refurbishing the Vehicle, and that he had receipts for such work, and that he would provide the receipts showing that he spent $25,000 for all of the vanities associated with the Vehicle. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Based upon Friedman's conversations with Stafford, Friedman cancelled the eBay auction.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. In reliance upon the above described written and oral representations of COY and Friedman, Stafford agreed to purchase the Vehicle, outside of eBay, from COY for $130,000.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. In late September, 2007, COY sent paperwork for the transaction to Stafford in Chicago, Illinois, which Stafford signed and returned to COY. Stafford sent a wire transfer from his bank in Chicago paying for the Vehicle in full. COY then shipped the Vehicle to Chicago, Illinois to Stafford's agent, Willow Automotive Services, Inc. ("Willow"), located in Chicago.

  **ANSWER:** Defendant admits the allegations contained in Paragraph 10 of the Complaint.

  11. Upon receipt of the Vehicle, Willow found, among other things, that:

  (a) The undercarriage of the body of the Vehicle was not rust free or immaculate; on the contrary, it contained significant structural damage including a rusted out hole and was otherwise blemished and caked with substances;

  (b) all of the chrome, trim and pot metal of the Vehicle was not redone;

  (c) the engine had not been removed;

  (d) the Vehicle was not in "showroom condition;" specifically, in addition to the above conditions, the transmission and differential were leaking, the engine had coolant and oil leaks, there was overspray paint on the moldings, the paint finish showed shrinkage, dirt and texture inconsistencies, the air conditioning system did not operate, two of the power windows were not working, and the brakes were not operating.

In addition, COY and Friedman did not provide the receipts for the $125,000 it allegedly spent refurbishing the Vehicle and for the vanities when it delivered the Vehicle and have refused to provide such receipts.

  **ANSWER:** Defendant denies the allegations contained in Paragraph 11 of the Complaint, including subparagraphs (a) through (d).

  12. Thereafter, Stafford contacted Friedman and COY revoking his acceptance of the Vehicle and demanding that COY refund Stafford the $130,000 he paid for the Vehicle. Friedman refused Stafford's request and told Stafford to contact his attorney "who has never lost a case" and is "very expensive."

  **ANSWER:** Defendant admits that, after receiving the Vehicle, Plaintiff sought to revoke acceptance of the Vehicle, but denies the remaining allegations contained in Paragraph 12 of the Complaint.

## COUNT I
**(Violation of Illinois Consumer Fraud Act)**

13.     For its paragraph 12 (sic), Stafford restates and re-alleges paragraphs 1-11 (sic) of the Complaint, as though fully set forth herein.

**ANSWER:**   Defendant repeats and realleges his answers to Paragraphs 1-12 of the Complaint as and for his answer to Paragraph 13 of the Complaint, as though fully set forth herein.

14.     Section 2 of the Illinois Consumer Fraud Act (the "Act") states in relevant part:

> ... unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce are hereby declared unlawful...

815 ILCS 505/2.

**ANSWER:**   Defendant neither admits nor denies the allegations contained in Paragraph 14, in that they do not state facts upon which a cause of action is based.

15.     Stafford is a "consumer" under the Act.

**ANSWER:**   The Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     The sale of the Vehicle by COY to Stafford in Illinois occurred in the course of conduct involving trade or commerce.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     COY and Friedman made the following false and deceptive oral and written statements about the Vehicle in order to induce Stafford to purchase the Vehicle:

    (a)     COY and Friedman would provide Stafford with the receipts for the $125,000 purportedly spent refurbishing the Vehicle and for the vanities,

5

(b) "every piece of chrome, trim and pot metal was redone,"

(c) the engine was "removed,"

(d) the Vehicle had "all new rubber seals and gasket,"

(e) the Vehicle was in "showroom condition,"

(f) the Vehicle was "rust free," and

(g) the undercarriage of the Vehicle was "immaculate."

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Complaint, including subparagraphs (a) through (g).

18. Friedman and COY made the above-referenced written and oral misrepresentations to Stafford with the intent that Stafford rely upon them.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Stafford did rely on the above-described representations in purchasing the Vehicle.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. As a proximate cause of the misrepresentations, Stafford has suffered actual damages as a result of COY and Friedman's conduct in the amount of $130,000.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of the Complaint.

21. Friedman and COY's conduct was willful and/or with reckless indifference to the rights of others.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

WHEREFORE, Defendant, Marvin Friedman, requests that this Court dismiss Plaintiff's Complaint and enter judgment in Defendant's favor and against Plaintiff, and award such other relief as this Court deems fair and just, including all attorneys fees incurred by Defendant to defend this case.

## COUNT II
### (Common Law Fraud)

22. For its paragraph 20 (sic), Stafford restates and re-alleges paragraphs 1-19 (sic) of the Complaint, as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges his answers to Paragraphs 1-21 of the Complaint as and for his answer to Paragraph 22 of the Complaint, as though fully set forth herein.

23. As described above, Friedman and COY made numerous oral and written misrepresentations about the Vehicle in order to induce Stafford to purchase the Vehicle.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Friedman intentionally made the above-described misrepresentations to Stafford knowing they were false at the time the misrepresentations were made, or made them in reckless disregard of the truth.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Friedman and COY made the above-referenced written and oral misrepresentations to Stafford with the intent that Stafford rely upon them.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Stafford in fact relied upon the misrepresentations in agreeing to purchase the Vehicle.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Friedman and COY acted willfully and with wanton disregard of Stafford's rights when he knowingly made the above described false statements and representations so as to induce Stafford to purchase the Vehicle.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Upon information and belief, Friedman and COY have a pattern of making similar false statements and representations to other individuals who have purchased vehicles from COY.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Friedman and COY's misrepresentations were material to Stafford's decision to purchase the Vehicle.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Stafford has suffered actual damages as a result of COY and Friedman's above described conduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of the Complaint.

WHEREFORE, Defendant, Marvin Friedman, requests that this Court dismiss Plaintiff's Complaint and enter judgment in Defendant's favor and against Plaintiff, and award such other relief as this Court deems fair and just, including all attorneys fees incurred by Defendant to defend this case.

### FIRST AFFIRMATIVE DEFENSE

1. On or about September 20, 2007, Plaintiff, John S. Stafford III ("Stafford") and Cars of Yesterday, Inc., entered into a purchase contract (the "Purchase Contract") for the sale and purchase of a 1957 Cadillac Eldorado Brougham (the "Vehicle") for the total sale price of $130,000. A copy of the Purchase Contract is attached hereto as Exhibit 1.

2. The Purchase Contract contained a front side and a back side. The front side contained the basic terms of the agreement and provided that "ALL USED VEHICLES ARE SOLD AS IS WHERE IS."

3. The back side of the Purchase Contract contained the General Terms and Conditions of Buyer's Purchase Order, including the following:

> (5) if legal action is necessary to enforce any of the terms of this Agreement, Dealer shall be entitled to collect reasonable attorney's fees incurred in the bringing of the action in addition to any damages otherwise recoverable, including Appellate fees, legal jurisdiction of this contract is in Broward County, state of Florida.
>
> . . .
>
> (8) the vehicle I have purchased from Cars of Yesterday, Inc., is being sold to me "as is/where is." The seller has not promised me any warranty or guaranty whatsoever. I have a complete understanding that this vehicle is used and so may not know the complete history of this vehicle. I understand the seller has presented this vehicle to me to the best of their knowledge. However, the accuracy of this description was based on any and all information he was able to obtain concerning this vehicle, either by records, previous owner's statements, professional independent inspections, the seller's professional opinion, or statements made to seller by the person who sold or traded in this vehicle.

9

> . . .
>
> (11) seller has encouraged and advised me that I can conduct an inspection of this vehicle and have any one of my choice inspect the vehicle at my expense prior to my placing a bid on seller's EBAY auction or any decision to purchase this vehicle. The seller has agreed to make the vehicle I am purchasing available for any inspection on request in the Fort Lauderdale, Florida area provided I give seller 24 hours advance notice of when my inspector(s) will arrive.
>
> . . .
>
> (12) I realize that the vehicle I am purchasing is a used vehicle and any new or used vehicle may not be perfect and may develop mechanical problems at any time. I agree that I have a full understanding of the purchase I made.
>
> . . .
>
> (15) the description used, whether it be on a website or the internet www.carsfromyesterday.com, or in an auction on www.ebaymotors.com or any other type of auction, in any type of advertisement, or an oral description of the telephone, in person, or in the form of an electronic Email, is for information or narrative purposes only. . . . The seller has made a diligent effort to accurately describe this vehicle but does not expressly or implicitly guaranty the accuracy of the above description. Bidder and prospective purchasers are cautioned to conduct their own due diligence, including a physical inspection in person or through a qualified third party inspector or appraiser, before contemplating a purchase or making a bid on this vehicle. in fact, we would welcome such an inspection, and we have expressly made every effort to make the above described vehicle available at a time convenient to the perspective (sic) purchaser or their agents prior to purchase or the signing of this contract.

4. On or about September 20, 2007, Plaintiff signed the front and rear of the Purchase Contract.

5. On or before September 20, 2007, Plaintiff read the front and back of the Purchase Contract.

6. On or about September 20, 2007, Plaintiff also executed a warranty disclaimer, a copy of which is attached hereto as Exhibit 2, which provides that:

## "AS IS" DEALER WARRANTY DISCLAIMER

EXPLANATION OF DEALER'S WARRANTY DISCLAIMER WITH REGARD TO ABOVE DESCRIBED VEHICLE.

THIS USED MOTOR VEHICLE IS SOLD WITHOUT ANY WARRANTY, WITHER EXPRESSED OR IMPLIED. THE BUYER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT MAY PRESENTLY EXIST OR THAT MAY OCCUR IN THE VEHICLE. THE DEALER (SELLER) SHALL NOT HAVE ANY RESPONSIBILITY FOR CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES WITH RESPECT TO ANY DEFECT OR MALFUNCTION OR UNFITNESS OR OTHER DEFICIENCY OF THIS VEHICLE. THE DEALER MAKES NO WARRANTIES, REPRESENTATION OR ASSURANCES THAT THE MOTOR VEHICLE CONTAINS ONLY ORIGINAL MANUFACTURER INSTALLED OR MANUFACTURER REBUILT COMPONENTS, PARTS OR ACCESSORIES.
(BUYER) PURCHASER ACKNOWLEDGES THAT HE HAS READ, UNDERSTANDS AND ACCEPTS ALL OF THE PROVISIONS OF THIS WARRANTY DISCLAIMER COVERING THE VEHICLE ABOVE DESCRIBED.

7. On or before September 20, 2007, Plaintiff read the Warranty Disclaimer.

8. Prior to his purchase of the Vehicle, Plaintiff did not inspect the Vehicle or have any agent or representative inspect the Vehicle on his behalf.

9. Prior to his purchase of the Vehicle, Plaintiff failed to take any steps necessary to ensure that the physical condition of the Vehicle met with his approval or was otherwise satisfactory.

10. At no time, on or before September 20, 2007, did Cars of Yesterday, Inc. or Friedman prohibit, prevent, or interfere with Plaintiff's ability, right or opportunity to inspect the Vehicle.

11. As a result, Plaintiff has waived his rights or otherwise has no legal basis to complain about the transaction or assert a cause of action for fraud or misrepresentation in connection with the transaction.

12. Pursuant to the terms of the Contract, Plaintiff is liable to Defendants for all attorneys fees incurred be Defendants to defend against Plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

1-12.　Friedman repeats and realleges Paragraphs 1 through 12 of his First Affirmative Defense as Paragraphs 1 through 12 of his Second Affirmative Defenses.

13.　Any misrepresentations or omissions alleged by Plaintiff were discoverable by Plaintiff through the exercise of ordinary care and prudence.

14.　The conditions described in the Vehicle by Plaintiff were not conditions that the Defendants possessed exclusive knowledge of and were readily ascertainable by the Plaintiff in his exercise of ordinary care and prudence.

15.　Where a Plaintiff either knows through the exercise of ordinary care and prudence, or should have known of a condition that is contrary to representations made to the Plaintiff, liability cannot be imposed under either the Illinois Consumer Fraud Act or common law fraud and any deceptive or fraudulent statements or omissions of the Defendant are not actionable.

WHEREFORE, Defendant, Marvin Friedman, requests that this Court dismiss Plaintiff's Complaint and enter judgment in Defendant's favor and against Plaintiff, and award such other relief as this Court deems fair and just, including all attorneys fees incurred by Defendant to defend this case.

        Respectfully submitted,

        MARVIN FRIEDMAN

        By: /s/ Bradley B. Falkof_____
          One of His Attorneys

Bradley B. Falkof
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313
CHDS01 BBF 450758v1

# EXHIBIT 1

# CARS OF YESTERDAY, INC.

"Yesterday's Memories & Tomorrow's Investments"

4750 N.W. 15th Ave. #B & C  Phone: 800.930.4002  Email: LUVDG@aol.com
Ft. Lauderdale, FL 33309  Fax: 954.772.7776  Cell: 954.895.7940 (Consultant)
www.carsfromyesterday.com  Local: 954.772.7891

## PURCHASE CONTRACT

N° 002844

**PURCHASER:** John S. Stafford III
**DRIVER'S LICENSE NO.:**
**DATE OF BIRTH:**
**RESIDENCE PHONE:**

**CO-PURCHASER:**
**DRIVER'S LICENSE NO.:**
**DATE OF BIRTH:**
**BUSINESS PHONE:** 312-244-5?

**ADDRESS:** 230 So. Lasalle St
**CITY:** Chicago
**STATE:** IL
**ZIP:** 60604
**CELLULAR:** 773-255-977?

**VEHICLE ID NUMBER:** 57700726l7
**E-MAIL ADDRESS:** John@ronin-capital.com
**OTHER CONTACT NUMBER:**

### PURCHASE VEHICLE

| YEAR | MAKE | MODEL | COLOR | BODY | ENGINE | TRANSMISSION | MILEAGE |
|---|---|---|---|---|---|---|---|
| 1957 | Cadillac | Eldorado Brougham | Black | 4 door | 365 V-8 | Auto | 79,808 |

### TRADE IN DESCRIPTION

| BALANCE OWED | BALANCE OWED TO WHOM | ACCOUNT NUMBER | GOOD TILL | LIEN | TALKED TO |
|---|---|---|---|---|---|
| | | | | | |

ADDRESS / CITY / STATE / ZIP / PHONE NO.

YEAR / MAKE/MODEL/TYPE / V.I.N. / MILEAGE

2ND TRADE/YEAR / MAKE/MODEL/TYPE

V.I.N. / PAYOFF / MILEAGE

BALANCE OWED TO WHOM / ACCT. NO. / GOOD TILL

TALKED TO / ADDRESS / CITY STATE ZIP / PHONE

**EQUIPMENT**

Includes Vanities
As Shown on EBAY.
Includes Shipping Pre Paid
on Enclosed Exotic
Car Thus Pxt to your
Front Door.

I certify that I have read in its entirety the front and back of this purchase contract, and agree to abide by all the terms and conditions contain therein.
Accepted and initialed by purchaser: ___

PLEASE BE SURE TO BRING
1. TITLE TO YOUR TRADE
2. REGISTRATION IF TRANSFERRING YOUR TAG
3. PROOF OF INSURANCE WITH AGENT'S NAME & ADDRESS

ALL USED VEHICLES ARE SOLD AS IS WHERE IS

**THIS IS A CONTRACT TO PURCHASE THE ABOVE VEHICLE**

| | |
|---|---|
| TOTAL PRICE OF VEHICLE | 130,000.00 |
| TRADE ALLOWANCE | |
| BUYERS DIFFERENCE | |
| ADDITIONAL EQUIPMENT | |
| TAXABLE SUBTOTAL | |
| SALES TAX | Exempt |
| ESTIMATED TAG, TITLE & REGISTRATION ☐ TRANSFER TAG ☐ NEW TAG ☐ NEW DECAL | |
| SUBTOTAL | Temp T's N/C |
| BALANCE OWING ON TRADE | Customer agrees to pay any difference between this figure and actual pay off figure as quoted by lien holder. |
| TOTAL PRICE | |
| DOWN PAYMENT | |
| UNPAID BALANCE | |
| AMOUNT FINANCED | |
| TOTAL | 130,000 |

PURCHASER SIGNATURE / DATE
ACCEPTED BY ___ REP OF CARS OF YESTERDAY, INC. / DATE
PURCHASER SIGNATURE / DATE

WHITE (BUYERS)    CANARY (FILE)    PINK (DEALERS COPY)

**PLEASE SEE, READ AND SIGN REVERSE SIDE**

## Terms and Conditions of Buyers Purchase Order

1. Purchaser agrees to deliver to Dealer satisfactory evidence of title to any used motor vehicle traded in as part of the consideration for the motor vehicle ordered hereunder at the time of delivery of such motor vehicle to Dealer. Purchaser warrants any such used motor vehicle to be Purchaser's property free and clear of all liens and encumbrances except as otherwise noted herein. Purchaser agrees that in the event any Motor Vehicle Commission reveals any undisclosed existing liens on the vehicle traded in, that Purchaser will cause to be satisfied such lien or liens within 72 hours of Dealer's notice in writing and that Purchaser's failure to make such lien satisfaction, the Dealer shall have the right to repossession of the newly purchased vehicle and this agreement may become null and void.

2. In the event a check or money order is delivered by Purchaser or Dealer as partial or full payment for this agreement and such instrument shall prove to be non-negotiable, Purchaser shall be considered to be in default described in paragraph one above.

3. The Purchaser, before or at the time of delivery of the motor vehicle covered by this Order, will execute such other forms of agreement or documents as may be required by the terms and conditions of payment.

4. The only warranties applying to this vehicle are the Limited warranties made by the manufacturer of the vehicle or accessories, and the Purchaser hereby acknowledges that the Seller has made available, prior to sale, all applicable written warranty terms pursuant to the Magnuson-Moss Warranty Act. The selling Dealer expressly disclaims all warranties, either express or implied, including any implied warranty or merchantability of fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this vehicle. Oral statements relating to the vehicle, made prior to execution of this contract, are not warranties except to the extent that the contrary is expressly set forth in writing. It is understood that such oral statements were not intended to, and did not, form a part of this agreement; they were merely made in the course of negotiations of the parties. Purchaser shall not be entitled to recover from the selling Dealer any consequential damages, damages to property, damages for loss of use loss of time, loss of profits, or income or any other incidental damages. For protection in addition to that afforded by manufacturers' warranties, if any, if available, Purchaser may purchase an extended warranty and/or service contract covering the vehicle. Such extended warranty and/or service contract may be available from a source which is independent and separate from Dealer, and the purchase of such extended warranty and/or service contract at or about the time this agreement is executed shall not be deemed to create any warranty by the selling Dealer. This does not apply to any vintage or antique vehicles.

5. If legal action is necessary to enforce any of the terms of this Agreement, Dealer shall be entitled to collect reasonable attorney's fees incurred in the bringing of the action in addition to any damages otherwise recoverable, including appellate fees. Legal jurisdiction of this contract is in Broward County, State of Florida.

6. Seller (Cars Of Yesterday, Inc.) has advised me that the jurisdiction of this transaction is in Broward County, Florida. I must have a valid driver's license & proof of insurance to legally drive on any Florida road. Seller has advised me that I should immediately secure adequate insurance for the vehicle I am purchasing. I understand that I am solely responsible for paying any registration fees, license plate fees, and any sales tax that may be due in the state in which I register this vehicle. Florida residents who register this vehicle in Florida are subject to either a 6% or 6 1/2% State sales tax.

7. If I decide NOT to take possession of this vehicle at seller's place of business in Broward County, FL, & seller initiates and assists in the shipping of this vehicle to me, I agree that the seller in NOT responsible or liable for any damage to this vehicle sustained while in the possession of the transporter. Unless otherwise specified, I am responsible for paying any/all transportation fees due to the transporter who transports the vehicle I have purchased to the location I have requested. I agree that the seller is NOT responsible for any delay in the delivery of my vehicle. This includes inclement weather, labor strikes, or any other delay beyond the seller's control. All paperwork sent to me pertaining to this sale must be signed and returned to the seller prior to the release of any vehicle I have purchased. I understand the transporter who is transporting my vehicle is responsible for maintaining any/all insurances required by State & Federal laws, which provide coverage of my vehicle while in their possession.

8. The vehicle I have purchased from Cars Of Yesterday, Inc. is being sold to me "as is/where is." The seller has not promised me any warranty or guarantee whatever. I have a complete understanding that this vehicle is used and seller may not know the complete history of this vehicle. I understand the seller has presented this vehicle to me to the best of their knowledge however the accuracy of his description was based on any and all information he was able to obtain concerning this vehicle, either by records, previous owners statements, professional independent inspections, the sellers professional opinion, or statements made to seller by the person who sold or traded in this vehicle.

9. I understand that any warranty I anticipate will be the remainder of any Mfg's warranty presently in effect on this vehicle or E-Bay's 30-day limited power train warranty offered on some automobiles less than 10 years old. Seller has made no verbal promises of any warranty or guarantee other than what is listed on the used car order I have been presented and I have accepted. I understand Florida law requires a vehicle older than 10 years be sold "Mileage Exempt." Any mileage listed is based on the actual reading on the odometer/speedometer. While the car is being offered for sale, in some cases, the car may be driven by seller the actual mileage may increase slightly.

10. Seller has advised me that I may be able to purchase warranty coverage on this vehicle. The Used Car Order I have signed will show whether or not I have purchased any warranty coverage. I understand the seller is NOT a warranty company and is NOT responsible for servicing or honoring any warranty coverage I have purchased.

11. Seller has encouraged and advised me that I can conduct an inspection of this vehicle or have anyone of my choice inspect the vehicle at my expense prior to my placing a bid on sellers E-BAY auction or my decision to purchase this vehicle. The seller had agreed to make the vehicle I am purchasing available for any inspection I request in the Fort Lauderdale, FL area provided I gave seller 24 hours advance notice of when my inspector(s) will arrive.

12. I realize that the vehicle I am purchasing is a used vehicle and any new or used vehicle may not be perfect and may develop mechanical problems at any time. I agree that I have a full understanding of the purchase I have made. I have read and agree to adhere to the term of the EBAY auction in which this vehicle was listed, if said vehicle was purchased through EBAY.

13. ATTENTION VEHICLES TO BE TITLED OUTSIDE OF THE STATE OF FLORIDA: Sales of new or used vehicles to be titled in any other state other than the State of Florida may require low emission vehicle standards for titling in those states. Buyer acknowledges that it is Buyers responsibility to comply with the laws of foreign states and hereby releases Dealer from any liability in connection therewith.

14. We encourage the use of a CARFAX report prior to making any decision to purchase any vehicle offered by Cars Of Yesterday, Inc.

15. The description used whether it be on our web site on the Internet www.carsfromyesterday.com, or in an auction on www.ebaymotors.com, or any other type of auction, in any type of advertisement, or an oral description on the telephone, in person, or in the form of an electronic E-mail, is for informational and narrative purposes only. Information contain regarding serial numbers, engine numbers, trim numbers and other codes with reference to the authenticity of any vehicle offered is guaranteed to be the same as contain within a vehicle's ID plate or trim plate or any other numbers as stamped into a vehicles engine block, cylinder heads, transmission, differential or other mechanical components which make up the vehicle. The seller has made a diligent effort to accurately describe this vehicle but does not expressly or implicitly guarantee the accuracy of the above description. Bidder and prospective purchasers are cautioned to conduct their own due diligence, including a physical inspection in person or through a qualified third party inspector or appraiser, before contemplating a purchase or making a bid on this vehicle. In fact, we would welcome such an inspection, and we have expressly made every effort to make the above described vehicle available at a time convenient to the perspective purchaser or their agents prior to purchase or the signing of this contract.

16. The Purchaser having read:

_____          X _____ 9/21/07
BUYER'S SIGNATURE                            DATE

# EXHIBIT 2

# WARRANTY DISCLAIMER

DATE: 9-20-2007

DEALER (SELLER): Cars Of Yesterday   PURCHASER (BUYER): John S. _____ II
ADDRESS: 7250 NW 15th Ave   ADDRESS: 230 South _____ Street
Ft Lauderdale, FL 33___   Chicago, Illinois 606__

DEALER (SELLER) HAS SOLD TO PURCHASER (BUYER) THE BELOW DESCRIBED VEHICLE:
VEHICLE INFORMATION: YEAR 1957   VEHICLE IDENTIFICATION NO. 5770012617
MAKE Cadillac   MODEL Eldorado Brougham 4 door / ___ ___ ___ ___

DEALER (SELLER) MAKES THE CONDITION OF THIS SALE WITH REGARD TO MERCHANTABILITY OF ABOVE DESCRIBED VEHICLE AS FOLLOWS:

## "AS IS" DEALER WARRANTY DISCLAIMER

EXPLANATION OF DEALER'S WARRANTY DISCLAIMER WITH REGARD TO ABOVE DESCRIBED VEHICLE.

THIS USED MOTOR VEHICLE IS SOLD WITHOUT ANY WARRANTY, EITHER EXPRESSED OR IMPLIED. THE BUYER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT MAY PRESENTLY EXIST OR THAT MAY OCCUR IN THE VEHICLE. THE DEALER (SELLER) SHALL NOT HAVE ANY RESPONSIBILITY FOR CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES WITH RESPECT TO ANY DEFECT OR MALFUNCTION OR UNFITNESS OR OTHER DEFICIENCY OF THIS VEHICLE. THE DEALER MAKES NO WARRANTIES, REPRESENTATION OR ASSURANCES THAT THE MOTOR VEHICLE CONTAINS ONLY ORIGINAL MANUFACTURER INSTALLED OR MANUFACTURER REBUILT COMPONENTS, PARTS OR ACCESSORIES.
(BUYER) PURCHASER ACKNOWLEDGES THAT HE HAS READ, UNDERSTANDS AND ACCEPTS ALL OF THE PROVISIONS OF THIS WARRANTY DISCLAIMER COVERING THE VEHICLE ABOVE DESCRIBED.

# AS IS  Read Before Signing

(Buyer)

ORIGINAL TO BUYER

Distributed by DANNY'S DEALER SUPPLIES, W. PALM BEACH, FLA. 1(800) 724-4386 - (561) 822-9994

DDS 103 R. 6/96