IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN S. STAFFORD, III, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 07-cv-6504 |
| CARS OF YESTERDAY, INC. a Florida | ) | |
| Corporation; and MARVIN FRIEDMAN, an | ) | Judge Robert W. Gettleman |
| individual | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE

Plaintiff John S. Stafford, III, ("Stafford"), by and through his attorneys, responds to

Defendants' motion to transfer venue and supporting memorandum as follows:

### INTRODUCTION

It is well settled that the plaintiff's choice of forum should not be disturbed unless the

factors used to evaluate a forum *non conveniens* motion *strongly* favor the defendants.

Defendants admit that venue is proper in the Northern District of Illinois, but seek to transfer this

fraud case to the Southern District of Florida contending that it is "most convenient for the

Defendants and their witnesses," and it would "best serve the interests of justice."  To try to

support their motion, Defendants offer a list of potential Florida witnesses and then offer some

statistics claiming that the docket in the Southern District of Florida moves more quickly than

the Northern District of Illinois.  However, the test is not who can produce the longer witness

list, but rather it is the quality and nature of the testimony with respect to the issues in the case.

As shown below, the most critical witnesses in the case, and the most critical evidence, the 1957

Cadillac that is the subject of the dispute, favor the Northern District of Illinois, and many of the

witnesses offered by plaintiff are either unnecessary, irrelevant or duplicative.  As for the speed

of the docket in the Northern District of Illinois versus the Southern District of Florida, the statistics are less than persuasive and, moreover, this is a bench trial that should take no more than a few days and therefore the Court could likely provide the parties with a reasonable trial date.[1]  Finally, Defendants concede that the material events occurred in Chicago, i.e. the representations made to Plaintiff in Illinois, and the alleged injury, Plaintiff's wire transfer of the money to pay for the car, occurred in Illinois.  This supports venue in the Northern District of Illinois under both the private and public factors analysis used in determining a motion to transfer venue.

## ARGUMENT

### A.    Standard To Evaluate Motion To Transfer Venue.

To establish that a case should be transferred, a "moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." Gueorguiev v. Max Rave, LLC., -- F. Supp. 2d --, 2007 WL 4259469, *1 (N.D. Ill. Nov. 30, 2007).  It is well settled that "'unless the balance [of factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

In making such an analysis, a court must consider both the private interests of the parties and the public interests of the court.  The private interests include plaintiff's choice of forum;

---

[1]    In their motion, Defendants make reference to a clause in the purchase contract that mentions "Broward County." However, that provision does not provide for exclusive jurisdiction in Florida and the Defendants do not argue that venue in the Northern District of Illinois is wrong; on the contrary, Defendants admit venue is proper here. Moreover, for whatever purpose the clause is mentioned, the complaint here sounds in fraud and is not based upon the purchase contract.

situs of material events; relative ease of access to sources of proof; and costs of obtaining attendance of witnesses.  Mitchell v. First Northern Credit Union, -- F. Supp. 2d --, 2007 WL 2948374, *2 (N.D. Ill. 2007)(Slip Copy).  "Public factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale." Id.

**B.      The Southern District of Florida is Not the Most Convenient District For Both Parties And Witnesses.**

"In determining whether a particular venue is more convenient to witnesses, a court should not limit its investigation to a review of which party can produce the longer witness list. Rather, a court should look to the nature and quality of the witnesses' testimony with respect to the issues in the case." Vandeveld v. Christoph, 877 F. Supp. 1160, 1168 (N.D. Ill. 1995).  This case will require four to five key witnesses and one critical piece of evidence, the 1957 Cadillac itself.  The most critical witnesses to this case will be the Plaintiff, Stafford, an Illinois resident; Brian Murphy, an Illinois resident who inspected the car for Stafford at the time it was shipped to Chicago; Plaintiff's expert, who although not yet disclosed is expected to be from Illinois; Defendant Marvin Freidman ("Freidman"), a Florida resident who made the alleged false representations and was the only person that Stafford ever dealt with; and Defendants' expert who has not been disclosed, but will clearly be required to travel to Illinois because the 1957 Cadillac that is the subject of the case is currently being stored in a garage at 2020 S. Wabash Avenue in Chicago as Defendants have refused to take the car back and refund Stafford his money.  To be sure, all inspections of the vehicle will occur in this district.

In support of their argument that the Southern District of Florida would be "more convenient" than the Northern District of Illinois, Defendants rely upon a list of various non-party witnesses many of whom are either duplicative or not at all necessary to the adjudication of the claims. For instance, Defendants list an individual, Howard (last name unknown), Santa Rosa

Towing Company, who "towed" the car to the various service vendors.  This testimony has no relevance to the issues in this case.  Also, Defendants lists three witnesses, Marvin Turner, John Turner and Jason Turner, who all reside at 420 S.W. 18th St., Pompano, Beach, Florida, and all of whom are associated with paint work to the Vehicle.  Clearly the testimony of all three witnesses is duplicative and unnecessary.  Further, Defendants list two individuals, Santiago Gonzalez and Abraham Shevin, who performed "miscellaneous" work relating to the engine, windows, etc..  The testimony of these two individuals is duplicative of other witnesses identified (see, e.g. Russ Jung, who allegedly restored the engine, and Charlie's Auto Glass, who allegedly removed and replaced the windows).

Defendants also list four witnesses, Dave Rupp, Donnie Gould, Warren Berliner, and Gary Isaacson, all of whom allegedly have "knowledge about the reconditioning" of vintage cars.  This testimony is not only duplicative of itself, but of any expert Defendants retain.  Moreover, counsel for Stafford was able to reach two of these witnesses, Donnie Gould and Warren Berliner.  Gould stated that although he knew of the subject vehicle, he never saw the car.  Berliner only viewed the car on a cursory level and never saw the car after whatever restoration work had been completed.  This calls into questions the affidavit provided by Defendants in support of their motion.  Curiously, it is not signed by Defendant Freidman, who had represented to Plaintiff that he was the owner of defendant Cars Of Yesterday (but is apparently just "behind the scenes") and that he oversaw all of the work.  Rather, it is signed by the president of Cars of Yesterday, who states, with no detail, that the persons on the list "worked" on the car.  But that statement we know is at least not true for Gould, Berliner, Rupp, and Isaacson.  Accordingly, the affidavit is questionable at best and clearly the nature, quality and relevancy of the testimony of the persons listed is not comparable with the most critical witnesses in the case as described above.

4

Many of the primary issues in the case, i.e. what representations were made, reliance/proximate cause issues, damages, and even Defendants' affirmative defenses (warranty disclaimer and Plaintiff's failure to exercise ordinary care) do not involve these witnesses. With regard to the condition of the vehicle, the experts will surely opine on the current condition of the vehicle based on their own inspection that will take place in this district. To the extent the testimony of any of the persons on Defendants' list is necessary, the depositions could be taken by telephone or where the witnesses reside and then the relevant portions of the testimony could be designated for trial. Accordingly, the convenience factor for these witnesses should be given little weight. See Vandeveld, supra., (defendants claimed Southern District of Florida was more convenient for testimony of several non-party witnesses, but testimony was not essential or relevant to the issues in the case).

C.    **Plaintiff's Choice Of Forum Should Not Be Disturbed.**

The private factors that favor venue in the Northern District of Illinois include Stafford's selection of forum, which should be afforded great weight, see In re Nat'l Presto Indus., Inc., supra, and, as admitted by Defendants, this is situs where the material events occurred, i.e. the alleged misrepresentations that "were made to Plaintiff in Chicago." (Defs. Memo, page 3). Moreover, Defendants concede that "the alleged injury arguably occurred in Illinois." (Defs Memo, page 8). This latter point demonstrates that the public factors analysis weighs in favor of venue remaining in the Northern District of Illinois, specifically the desirability of resolving controversies locally. See Mitchell, supra.

Even if this Court were to find that the convenience factor favored Defendants, the Seventh Circuit has held that "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the

5

plaintiff... ."  In re Nat'l Presto Indus., Inc., supra., at 665 (even though the Seventh Circuit suspected that the balance of factors actually favored transfer, it was "not so far askew as to justify the extraordinary relief sought").

**D.      Interests Of Justice Similarly Do Not Favor Defendants.**

Defendants' "interests of justice" argument similarly fails to justify transfer of venue. Defendants attempt to argue that Florida law is controlling, and thus it would be more efficient for the Southern District of Florida to preside over this case.  Defendants make this claim based upon language in the purchase order ("Contract") that the jurisdiction of the case is in Broward County, Florida.  Whether there is jurisdiction in Florida is not related to the choice of law issue. Moreover, Stafford has not brought his suit based upon the Contract, but rather his suit sounds in tort.  See First Nat'l Bank of Boston v. Heuer, 702 F. Supp. 173, 176 (N.D. Ill. 1988) (fact that line of credit agreement stated that Massachusetts law would apply was irrelevant for conflict purposes in action by lender for misrepresentation which sounded in tort).[2]

Next, Defendants claim that this District Court, sitting in diversity, must use Illinois' "most significant relationship" test to determine the choice of law, and that Florida has the most significant relationship.  However, as outlined above, even Defendants admit that Illinois is the situs of material events, including the misrepresentations made to Stafford.  Defendants also solicited Stafford to purchase the Vehicle in Chicago, Illinois; sent paperwork for the transaction to Stafford in Chicago, Illinois; Stafford signed the paperwork in Chicago, Illinois and returned it to Defendants; and Stafford sent a wire transfer from his bank in Chicago, Illinois paying for the Vehicle in full.  COY then shipped the vehicle to Chicago, where it is now located.

---

[2]      In addition, the elements for common law fraud and consumer fraud in Florida essentially mirror the causes of action in Illinois.  See Gandy v. Trans World Computer Technology Group, 787 So.2d 116 (Fla. App. 2001); F.S.A. § 501.204, Consumer Protection, Deceptive and Unfair Trade Practices.

Given all of the material events occurring in Illinois, and the nature of the allegations, Illinois clearly has the most significant relationship to this controversy involving one of its citizens. See Nicholson v. Marine Corps West Fed. Credit Union, 953 F. Supp. 1012 (N.D. Ill. 1997) (under Illinois choice of law rules, cause of action alleging fraud, consisting of credit union's unfair or fraudulent practices in repossessing and selling debtor's automobile, was governed by Illinois rather than California law, where Illinois was state where car was repossessed and injury occurred, debtor was also resident of Illinois, and relationship between credit union and debtor was based primarily in Illinois, where relevant documents were executed). Accordingly, Illinois law would apply and the Northern District of Illinois will be more familiar with the applicable Illinois state law than a federal court in Florida. See Huggar v. Northwest Airlines Corp. -- F. Supp. --, 1998 WL 245992, *3 (N.D. Ill., May 4, 1998) (federal court in Illinois is more familiar with applicable Illinois state law than federal court outside Illinois).

Finally, Defendants argue that cases proceed more quickly in the Southern District of Florida than the Northern District of Illinois. However, the figures offered by defendants present minimal differences, particularly when factoring that there is no jury demand in the case and a bench trial should take only a few days. Also, if the case were transferred to Florida, it would have to be assigned and then take its normal course. Accordingly, this argument should be given little weight and is certainly not enough to justify transferring the case. See Huggar, supra. (distinction in average time to trial was not significant enough alone to support motion to transfer).

## CONCLUSION

Accordingly, for all of the foregoing reasons, Defendants' Motion To Transfer Venue should be denied.

Thomas Stafford, an individual

By:___/s Alexander D. Marks_____
          One of his Attorneys

Ira M. Levin
Alexander  D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois  60611
312-840-7000
312-840-7900 (facsimile)
460907.4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing Plaintiff's Response to Defendants' Motion to Transfer Venue to be filed electronically in the Northern District of Illinois and to be served electronically on:

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606

pm on the 6th day of March, 2008.

_____/s Alexander D. Marks_____

9