IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual,  )<br>  )<br>    Plaintiff,  )<br>  )<br>-vs-  )<br>  )<br>CARS OF YESTERDAY, INC., a Florida  )<br>Corporation; and MARVIN FRIEDMAN, an  )<br>individual,  )<br>  )<br>    Defendants.  ) | Court No:   07 C 6504<br><br>Judge Gettleman<br>Magistrate Judge Denlow |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE

Defendants, Cars of Yesterday, Inc. ("Cars") and Marvin Friedman ("Friedman"), by their attorneys, Bradley B. Falkof and Barnes & Thornburg LLP, file herewith their Reply Memorandum of Law in Support of their Motion to Transfer Venue, pursuant to 28 U.S.C. §1404(a).

### Introduction

Defendants have filed a Motion to Transfer Venue, pursuant to 28 U.S.C. §1404(a), on the ground that this Court should transfer venue for the convenience of the parties and in the interest of justice to the Southern District of Florida. Plaintiff has responded to the Motion by making unsubstantiated claims, misinterpreting the applicable case law, and improperly suggesting that Defendants have filed false affidavits. A careful review of the facts of this case, in light of the very case law cited by Plaintiff, firmly establishes that transfer is appropriate in this case.

### Argument

I. **The Southern District of Florida is the most convenient district for the non-party witnesses in this case.**

While Defendants do not dispute that the Plaintiff's choice of forum is given great weight in a court's consideration of a Motion to Transfer Venue, in *Mitchell v. First Northern Credit Union*, 2007 WL 2948374 (N.D. Ill. 2007), a case cited by Plaintiff, the Court held that "a Plaintiff's choice of forum is usually not the determinative factor. . . . There are other significant factors . . . such as the location of witnesses and evidence. . . ." 2007 WL 2948374 at *3. Indeed, in *Mitchell*, the Court held that "the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis." 2007 WL 2948374 at *4, *citing*, *Murphy v. Avon Products, Inc.*, 88 F. Supp. 2d 851, 853 (N.D. Ill. 1999). In still another case cited by Plaintiff, *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853 (N.D. Ill. 2007), the Court stated that "a plaintiff's choice of forum may be afforded less deference . . . when another forum has a stronger relationship to the dispute. . . ." 526 F. Supp. 2d at 857.

In the instant case, Defendants have identified fifteen people who worked on the 1957 Cadillac Eldorado Brougham (the "Vehicle"), in addition to four persons who either are knowledgeable about the reconditioning of vintage cars or are both knowledgeable about the reconditioning of vintage cars and actually observed the work on the Vehicle. Plaintiff has responded by arguing that the most critical witnesses to this case will be himself, Brian Murphy, the individual who inspected the Vehicle at the time it was shipped to Chicago, and an unnamed expert who Plaintiff "expected to be from Illinois." Plaintiff's Response at p. 3. Plaintiff presents this argument without the benefit of any affidavit or other evidence. Of note, in *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007), cited by Plaintiff, the Court noted

2

that, when determining whether transfer is appropriate, "[s]ome courts have concluded that a party must present actual evidence, such as an affidavit," citing *Midwest Precision Servs. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). Defendants urge this Court to adopt such a standard in this case, especially in light of the serious accusations leveled by Plaintiff against the Defendants in Plaintiff's Response to the Motion to Transfer.

More important, while Plaintiff argues that the Court should look at the "nature and quality of the witnesses' testimony with respect to the issues in the case," Plaintiff's Response at p. 3, Plaintiff offers no such evidence in the instant case. Aside from the fact that none of the witnesses identified by Plaintiff is an independent non-party witness, Plaintiff offers precious little information about their knowledge of vintage or collectible automobiles or the nature of their testimony in this case. The very case Plaintiff relies on for the principle that the "nature and quality" of the witnesses' testimony must be part of the Court's transfer analysis is instructive. In *Vandeveld v. Christoph*, 877 F. Supp. 1160 (N.D. Ill. 1995), the plaintiff brought an action for breach of an oral partnership agreement. Defendants moved to transfer venue, pursuant to 28 U.S.C. §1404(a). Defendants identified a number of non-party witnesses who resided outside the Northern District of Illinois. While the Court found that the testimony of these witnesses was irrelevant, the Court found that plaintiff's initial list of Chicago area non-party witnesses was equally unpersuasive, as plaintiff failed "to adequately explain who these individuals are, and how their testimony relates to this litigation." 877 F. Supp. at 1168. In the instant case, Plaintiff similarly fails to explain who Brian Murphy is, what his area or level of expertise is, or how his testimony relates to the condition of the Vehicle at the time it left Cars' control in Florida.

An antique car more than fifty years old can suffer any number of problems as a result of transporting it halfway across the country. Plaintiff made the decision not to inspect the car in

3

Florida, even though the Purchase Contract (attached as Exhibit A to the Affidavit of Richard Hofberg) clearly states that prospective purchasers should inspect the Vehicle before purchasing it, and that Plaintiff was purchasing the Vehicle "As Is Where Is." The issues in this case turn on the condition of the Vehicle when the alleged misrepresentations were made; that is, before the Vehicle left Florida, and not when it arrived in Chicago. As such, the relevance of the testimony of Plaintiff's one witness pales in comparison to the testimony of Defendants' seventeen witnesses who either worked on or saw the Vehicle before it left Florida.

Plaintiff also argues that many of the people identified by Defendants are "duplicative or not at all necessary to the adjudication of the claims." Plaintiff's Response at p. 3. Plaintiff's argument is not at all persuasive. In his Complaint, Plaintiff alleges that misrepresentations were made regarding the undercarriage of the Vehicle, the chrome trim and pot metal, the engine, the transmission and differential, the paint, the air conditioning system, the electrical system, and the brakes. There are very few parts of the Vehicle that Plaintiff is not critical of. Plaintiff's claim that the list of Defendants' witnesses is unnecessarily duplicative shows Plaintiff's counsel's lack of understanding of the work and effort that goes into reconditioning a vintage automobile more than it provides this Court with persuasive evidence of unnecessary witnesses. Each and every part of this Vehicle was worked on by experts in their field. Defendants are entitled to present to the trier of fact witnesses who can rebut Plaintiff's claims with respect to each part of the Vehicle that Plaintiff claims was not reconditioned in the manner represented by the Defendants. See Affidavit of Marvin Friedman, attached hereto as Exhibit A. Defendants' witnesses are expert tradesmen who take great pride in their work and Defendants are entitled to present each of them to explain the care they took in the performance of their work on the Vehicle.

Plaintiff further argues that, to the extent that any of the testimony of these Defendants'

4


witnesses is necessary, their "depositions could be taken by telephone . . .and then the relevant portions of the testimony could be designated for trial." Plaintiff's Response at p. 5. Plaintiff knows full well that such a strategy places Defendants at a tremendous disadvantage, since Plaintiff will be able to present live witnesses at trial, and Defendants will be left with a stack of deposition transcripts. Moreover, Plaintiff's argument is without merit. If Plaintiff's argument held any weight in the Court's transfer analysis, the issue of the location of witnesses would not be an issue at all, since the Plaintiff could always force the Defendant to depose all of his out of jurisdiction witnesses before trial and then read these depositions at the trial. No court has ever required a defendant to depose all of his witnesses before trial and then present at trial a stack of deposition transcripts. That is why the location of non-party witnesses remains "the most important factor in the transfer analysis." *Mitchell v. First Union, supra*, at *3.

Plaintiff further argues that counsel for Plaintiff was able to reach two witnesses, Donnie Gould and Warren Berliner. Plaintiff's counsel reports that Mr. Gould stated he never saw the Vehicle. Mr. Gould's statement is no surprise to Defendants. In his Affidavit, Rick Hofberg states that Mr. Gould is knowledgeable about the reconditioning of vintage cars, but Mr. Hofberg never claims that Mr. Gould saw the Vehicle. Plaintiff's "finding," therefore, is entirely consistent with Mr. Hofberg's Affidavit.

Plaintiff's counsel next claims that Mr. Berliner told him that he only viewed the car at a cursory level and never saw the car after restoration work had been completed. It is noteworthy that, again, Plaintiff has not provided any affidavit to support his claim. Defendants, however, have provided the Court with the Affidavit of Mr. Berliner, which is attached hereto as Exhibit B. In his Affidavit, Mr. Berliner sets forth the level of his involvement with this Vehicle and explains why Plaintiff's counsel has jumped to the wrong conclusion.

Ultimately, Plaintiff's comment that his attorney's account of his conversations with two of Defendant's witnesses "calls into question the Affidavit provided by Defendants in support of their Motion," Plaintiff's Response at p. 4, is unfounded. Plaintiff does not stop there, however. Plaintiff further states that Mr. Hofberg's Affidavit, at least as to Gould, Berliner, Rupp, and Isaacson, is "not true," as they did not work on the Vehicle. Plaintiff's Response at p. 4. In fact, Mr. Hofberg's Affidavit never states that any of these individuals worked on the Vehicle. What it does state is that Warren Berliner was consulted regarding the reconditioning of the Vehicle and that Mr. Isaacson observed the progress of the work on the Vehicle and was consulted on several occasions.[1]

Finally, Plaintiff states that "curiously" the Affidavit was signed by the President of Cars of Yesterday, Inc., rather than Marvin Friedman. This "curiosity" is a complete red herring, as who could be a better affiant than the corporate Defendant's president. To resolve Plaintiff's "curiosity," however, Defendants have attached hereto as Exhibit A, the Affidavit of Marvin Friedman, which affirms all of the statements contained in the Affidavit of Richard Hofberg.

## II. The applicable law is likely to be the law of the State of Florida.

Defendants have argued that the law of the State of Florida applies to this case. In response, Plaintiff agrees that Illinois applies the most significant relationship test to determine the choice of law, but argues that Illinois law should apply. Plaintiff ignores the fact that, under the Restatement (Second) of Conflicts, the courts determine the state that has the most significant relationship to a tort action by finding "the place where the conduct causing the injury occurred." *See, Nicholson v. Marine Corps West Federal Credit Union*, 953 F. Supp. 1012 (N.D. Ill. 1997). In still another case cited by Plaintiff, the choice of law issue may well have been resolved for

---

[1] Plaintiff questions who might Defendant's experts be in this case and where they might be located. The answer is clear from the Affidavit of Richard Hofberg that Defendants have already identified four potential experts, Rupp, Gould, Berliner and Isaacson, to testify in this case.

this Court. In *First Nat'l Bank of Boston v. Heue*, 702 F. Supp. 173 (N.D. Ill. 1988), the Court held that, in a case based upon misrepresentation, the place where the Plaintiff entered into a contract in reliance on the alleged misrepresentations did **not** dictate the choice of law. Rather, the Court held, "in cases of fraud and misrepresentation . . . the place of the loss is less important that the place the defendant allegedly made the misrepresentations." 702 F. Supp. at 175, *citing Wilhoite v. Fastenwear, Inc.*, 534 F. Supp. 856 (N.D. Ill. 1983) (wherein Illinois law was found to apply because the document containing the allegedly fraudulent representations was made in Illinois). In *First Nat'l*, the Court found that the line of credit that was fraudulently obtained was negotiated in Illinois and the alleged misstatements were made in Illinois. 702 F. Supp. 175-176. In the instant case, there is no question that the alleged misrepresentations were made by the Defendants in documents and telephone conversations which originated in Florida. As a result, the choice of law analysis would suggest that Florida law applies.

In addition, the Purchase Contract, entered into between the Plaintiff and Cars, states that the jurisdiction of the transaction was in Florida. While this provision of the Purchase Contract is not artfully drawn, it strongly suggests that the parties intended that any action related to the transaction be brought in Florida.

### III.   The public interest favors transfer of this case to Florida.

In their Motion to Transfer Venue, Defendants noted that the median time interval from filing to trial in the United States District Court for the Northern District of Illinois is 28.7 months, while the median time interval for cases to proceed to trial in the Southern District of Florida is 17.2 months. Plaintiff does not dispute these figures, but rather states that the "figures offered by Defendants present minimal differences." On its face, the time difference of almost one additional year from filing to trial is more than a minimal difference. Further, the Court in still another case cited by the Plaintiff, *Vanderveld v. Christoph*, 877 F. Supp. 1160 (N.D. Ill.

1995), found that a three month shorter median time, from filing to disposition of civil cases in the Northern District of Illinois, than the District to which the defendant sought to transfer the case militated against transfer. In still another case cited by Plaintiff, *Mitchell v. First Northern Credit Union, supra*, the Court found that the interests of justice favored transfer of the case to the District of Arizona, in part because the case would proceed to trial faster if it were transferred to the District of Arizona. In light of these cases, a one year difference in time of filing to trial is more than minimal. It is significant.

## CONCLUSION

In the final analysis, Plaintiff has not identified a single reason for keeping this case in Illinois, other than that Plaintiff and his inspector are located in Illinois. Even this one witness' testimony is of limited relevance, as the question raised by this case is what was the condition of the Vehicle at the time it was sold, not what was the condition of the Vehicle at the time it was delivered.

For the convenience of the parties and the witnesses and in the interest of justice, the Defendants, Cars of Yesterday, Inc., and Marvin Friedman, move this Court to transfer this case from the United States District Court for the Northern District of Illinois to the United States District Court for the Southern District of Florida.

Respectfully submitted,

CARS OF YESTERDAY, INC., and MARVIN FRIEDMAN

By: /s/ Bradley B. Falkof
One of Their Attorneys

Bradley B. Falkof
Brett H. Pyrdek
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Court No:   07 C 6504 |
| ) | |
| CARS OF YESTERDAY, INC., a Florida ) | Judge Gettleman |
| Corporation; and MARVIN FRIEDMAN, an ) | Magistrate Judge Denlow |
| individual, ) | |
| ) | |
| Defendants. ) | |

STATE OF FLORIDA     )
                     )
COUNTY OF BROWARD )

**AFFIDAVIT OF MARVIN FRIEDMAN**

Marvin Friedman, being duly sworn under oath does state as follows:

1. I am a consultant to Cars of Yesterday, Inc., and one of the defendants in the above-captioned case.

2. I am personally familiar with the facts of this case and have personal knowledge of the circumstances of the transaction between Cars of Yesterday, Inc. and the Plaintiff.

3. I am personally familiar with the work performed on the 1957 Cadillac Eldorado Brougham (the "Vehicle") sold to the Plaintiff, and the persons who restored the Vehicle. The persons who worked on the Vehicle or are knowledgeable about the Vehicle and/or the value of automobiles similar to the Vehicle include all of the people identified in the Affidavit of Richard Hofberg, previously filed in this case as an exhibit to the Defendants' Motion to Transfer Venue.

4. With respect to the work performed by Marvin Turner, John Turner, and Jason Turner, who are identified in Mr. Hofberg's Affidavit as persons familiar with the exterior body work on the Vehicle:

    a. Jason Turner was responsible for disassembling the Vehicle in order for the body work and paint work to be performed

    on the Vehicle.

  b. John Turner performed body work on the Vehicle before painting.

  c. Marvin Turner painted the Vehicle after the body work had been completed.

  d. Marvin Turner, John Turner, and Jason Turner were responsible for reassembling the Vehicle, after it was painted.

5. I could testify to the above if called upon to do so at a hearing or trial.

FURTHER AFFIANT SAYETH NOT.

                _____
                Marvin Friedman

SIGNED and SWORN TO before me this _18_ day of March 2008.

_____
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Angela C. Bianco
Commission #DD730662
Expires: OCT. 31, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Court No:   07 C 6504 |
| ) | |
| CARS OF YESTERDAY, INC., a Florida ) | Judge Gettleman |
| Corporation; and MARVIN FRIEDMAN, an ) | Magistrate Judge Denlow |
| individual, ) | |
| ) | |
| Defendants. ) | |

STATE OF FLORIDA   )
                   )
COUNTY OF BROWARD  )

### AFFIDAVIT OF WARREN BERLINER

Warren Berliner, being duly sworn under oath does state as follows:

1. I am the owner of Berliner's Classic Cars, located at 1975 Stirling Road in Dania, Florida 33004.

2. I am personally familiar with the facts set forth herein, and could so testify to them if called upon to do so at hearing or trial.

3. Berliner's Classic Cars is a vintage car museum that also sells, buys and restores vintage cars. In addition, I have been an active vintage and antique car collector for many years. As such, I am knowledgeable about the reconditioning of vintage cars and their value.

4. During the year 2007, I personally observed the restoration work on many occasions being done on the Black 1957 Cadillac Eldorado Brougham (the "Vehicle") by Cars of Yesterday and, on occasion, was consulted regarding the reconditioning of the Vehicle.

5. I was involved in 2006 in the restoration of a Navy Blue 1957 Cadillac Eldorado Brougham in which I had a financial interest.

6. In March 2008, I was contacted by an attorney who claimed that he represented John Stafford in connection with a lawsuit Mr. Stafford had brought against Cars of Yesterday, in Chicago.

7. This attorney's comments to me at that time were intimidating and threatening. Rather than describe to him the extent of my knowledge of the Vehicle and the extent of any involvement with the Vehicle, I told him that, although I had seen the Vehicle, I did not want to get involved with the litigation.

8. I have no financial interest in this Black 1957 Cadillac Eldorado Brougham.

FURTHER AFFIANT SAYETH NOT.

_____
Warren Berliner

SIGNED and SWORN TO before me
this 17 day of March 2008.

_____
Notary Public



STEPHANIE TOWNS
MY COMMISSION # DD 613408
EXPIRES: November 8, 2010
Bonded Thru Notary Public Underwriters