IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN S. STAFFORD, ) | |
| ) | |
| Plaintiff, ) | No. 07 C 6504 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CARS OF YESTERDAY, INC., and MARVIN ) | |
| FRIEDMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John S. Stafford has filed a two-count complaint for violation of the Illinois Consumer Fraud Act (Count I) and fraud (Count II) against defendants Cars of Yesterday, Inc. ("COY") and Marvin Friedman. Defendants have moved to transfer the instant suit to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the court denies defendants' motion.

## FACTS

Defendant COY is a Florida corporation that markets and sells classic cars from the 1920s to 1970s throughout the United States. COY's principal place of business is Fort Lauderdale, Florida. Defendant Friedman, a resident of Florida, is the owner of defendant COY.[1] In or about September 2007, defendant COY posted a listing on eBay, an auction website, to sell a 1957 Cadillac Eldorado Brougham (the "Vehicle"). According to plaintiff, COY stated in that listing that: (1) COY would provide the auction winner with "the mountain of

---

[1] Defendants deny in their answers to the complaint that Friedman is the owner of COY, but they concede that fact in the joint status report filed February 6, 2008.

bills and receipts" it had to document the more than $100,000 spent in refurbishing the Vehicle; (2) "every piece of chrome, trim and pot metal was redone"; (3) the engine had been "removed"; (4) the Vehicle had "all new rubber seals and gasket"; and (5) the Vehicle was in "showroom condition." Plaintiff also contends that the listing stated that the undercarriage of the Vehicle was "immaculate," which defendants deny.

Plaintiff, a resident of Chicago, Illinois, saw the eBay listing and spoke with defendant Friedman via telephone to discuss purchasing the Vehicle. At that time, Friedman confirmed the representations in the eBay posting and orally represented to plaintiff that the Vehicle was "rust free." Friedman also told plaintiff that he had spent over $100,000 refurbishing the Vehicle, as well as $25,000 on "vanities" for the Vehicle, for which he would provide receipts upon delivery to plaintiff.

Plaintiff agreed to purchase the Vehicle from COY for $130,000, outside of the eBay auction. Friedman then cancelled the eBay auction. In late September 2007, COY sent transaction paperwork (the "Purchase Contract") to plaintiff in Chicago, which he signed on September 20 and returned to defendants. The Purchase Contract stated, "ALL USED VEHICLES ARE SOLD AS IS WHERE IS." It contained another "sold as is" clause within the contract's "General Terms and Conditions" section, as well as a clause stating that "[t]he seller has made a diligent effort to describe this vehicle but does not expressly or implicitly guaranty [sic] the accuracy of the above description." Plaintiff also signed an "as is" warranty disclaimer on September 20, 2007.

The Purchase Contract contained a clause stating that "if legal action is necessary to enforce any of the terms of this Agreement…legal jurisdiction of this contract is in Broward

County, state of Florida." Additionally, the Purchase Contract provided that "[t]he seller has agreed to make the vehicle I am purchasing available for any inspection on request in the Fort Lauderdale, Florida area provided I give seller 24 hours advance notice of when my inspector(s) will arrive." Plaintiff did not inspect the Vehicle or have anyone inspect it on his behalf. Plaintiff sent a wire transfer from his bank in Chicago to pay for the Vehicle in full. COY then shipped the Vehicle to plaintiff's agent, Willow Automotive Services, Inc. ("Willow"), also located in Chicago. According to plaintiff, Willow found upon receiving the vehicle that: the Vehicle's undercarriage contained significant structural damage, including a rusted-out hole; the chrome, trim and pot metal had not been redone; the engine had not been removed; and the Vehicle did not have new rubber seals and gaskets. The Vehicle was also not in "showroom" condition: the transmission and differential were leaking; the engine had coolant and oil leaks; there was overspray paint on the moldings; the paint finish showed shrinkage, dirt, and texture inconsistencies; the air conditioning system was not operational; two power windows were not functioning; and the brakes did not work. Additionally, COY and Friedman did not provide to plaintiff any receipts for refurbishing or vanities. Defendants deny plaintiff's allegations concerning the condition of the Vehicle and the provision of receipts.

Plaintiff then contacted defendants to revoke his acceptance of the Vehicle and demand that COY refund his $130,000. According to plaintiff, Friedman refused to return his money.

**DISCUSSION**

Defendants have filed a motion to transfer the instant suit to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), which provides that

"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Transfer is appropriate when the moving party demonstrates that: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Coffee v. Van Dorn Iron Works, 796 F.2d 217, 219 n.3 (7th Cir. 1986). As the moving party, defendant must show that the "transferee forum is clearly more convenient" than the transferor forum. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing Coffee, 796 F.2d at 219-20). Defendant must also show that a transfer will promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other. See Black v. Mitsubishi Motors Credit of America, Inc., 1994 WL 424112, *1 (N.D. Ill. Aug. 10, 1994).

The parties do not dispute that venue is proper in both the Northern District of Illinois, the proposed transferor court, and the Southern District of Florida, the proposed transferee court. The court therefore has the power to transfer the case if doing so is in the interest of justice and for the convenience of the parties and witnesses. In evaluating the convenience and fairness of a transfer, the court must consider relevant private and public interests. The private interests include: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Private Interests

The first factor, plaintiff's choice of forum, weighs against transfer, because plaintiff has chosen his home forum.  The second factor, the situs of material events, is essentially a wash, given that actions taken pursuant to the contract occurred in both Illinois and Florida.  The third and fourth factors (availability of witnesses and convenience of the parties) both weigh against transfer.  Although defendants have identified numerous non-party witnesses, to whom the Northern District of Illinois would have difficulties issuing subpoenas (see, e.g., Mitchell v. First Northern Credit Union, 2007 WL 2948374, *4 (ND. Ill. Oct. 4, 2007)), both plaintiff and the Vehicle itself are located in Illinois.  The principal issues to be decide in this case are, (1) the representations that were made by defendants concerning the condition of the Vehicle, and (2) the actual condition of the Vehicle upon delivery.  Plaintiff will present an expert witness to testify about the condition of the Vehicle, and that witness will in all likelihood be located in Illinois.  Because plaintiff, his expert and the Vehicle are all located in Illinois, the court finds that the third and fourth factors weigh strongly against transfer.

Moreover, plaintiff is correct that under ordinary circumstances, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience, and…the tie is awarded to the plaintiff…." In re Nat'l Presto Industries, Inc., 347 F.3d 662, 665 (7th Cir. 2002).  Defendants argue that plaintiff waived his right to defend against a motion to transfer by signing the Purchase Contract , which contained a clause stating that "[l]egal jurisdiction of this contract is in Broward County, State of Florida."  That clause, however, is not a choice of venue provision that requires all suits filed regarding the sale of the Vehicle to be filed in Florida.  The contract merely allows either party to bring suit in Broward

5

County.  Also as plaintiff notes, his suit is not brought under the contract itself, but rather as a tort action.  Because defendant has not identified any extraordinary circumstances warranting a departure from the rule, even if the transfer analysis resulted in a "tie," the court must award the "tie" to plaintiff.  This factor therefore weighs against transfer.

Public Interests

In addition to the private interest factors, which weigh in favor of plaintiff, the court must also consider the public interest factors, which include: (a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving the controversies in their locale; (b) the court's familiarity with the applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. Georgouses, 963 F. Supp. at 730.

The first factor does not weigh in favor of or against transfer.  All work done on the car in preparation for the sale was done in Florida, but the purchase of the car occurred in Illinois, and both states have an interest resolving the matter.  The second factor, however, weighs slightly in favor of transfer.   Because this court is sitting in diversity, it must apply the choice of law principles of Illinois to determine which state's law governs the instant suit. See, e.g., Toriumi v. The Ritz-Carlton Hotel, 2006 WL 3095753, *3 (N.D. Ill. Oct. 27, 2006).  As the parties agree, Illinois uses the "most significant relationship" test to determine which law to apply.  Under that test, the court must evaluate where the injury occurred, where the injury-causing conduct occurred, where the parties' residences and places of business are located, and where the parties' relationship was centered.  See, e.g., Nicholson v. Marine Corps West Federal

Credit Union, 953 F. Supp. 1012, 1016 (N.D. Ill. 1997) (citing Restatement (Second) of Conflicts). In the instant case, the injury occurred in Illinois.

Although the alleged misrepresentations occurred in Florida, they were directed to and acted upon in Illinois, where the injury occurred. For that reason, the court finds that under the "most significant relationship" test Illinois law governs the instant suit. But even if Florida law applied, defendants fail to identify any peculiar aspects of Florida law concerning any claim or defense in this case. Accordingly, this factor weighs slightly in favor of transfer.

Finally, the court must consider the dockets of the two districts in question. As defendants note, the median time from filing to trial in the Northern District of Illinois is 28.7 months, while the same interval is only 17.2 months in the Southern District of Florida. Additionally, the medium length of time for disposition of all cases is 6.3 months in the Northern District of Illinois, but slightly shorter in the Southern District of Florida at 5.9 months. Because the Southern District of Florida is likely to process the instant case sooner, this final factor weighs slightly in favor of transfer.

To summarize, although defendants have identified one factor that weighs slightly in favor of transfer, the remaining factors weigh against transfer. For that reason, the court denies defendants' motion.

**CONCLUSION**

For the reasons discussed above, the court denies defendants' motion to transfer.

**ENTER:    April 23, 2008**

_____
**Robert W. Gettleman
United States District Judge**