IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-6504 |
| CARS OF YESTERDAY, INC. a Florida ) | |
| Corporation; and MARVIN FRIEDMAN, an ) | Judge Robert W. Gettleman |
| individual ) | Magistrate Judge Morton Denlow |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff John S. Stafford, III, ("Stafford"), by and through his attorneys, hereby moves this Court for an order compelling Defendants Cars of Yesterday, Inc. and Marvin Friedman to respond to Plaintiff's interrogatory no. 24 and document request no. 26 and in support thereof states as follows:

1. On November 13, 2007, Plaintiff filed the instant complaint for fraud (under the Illinois Consumer Fraud Act and the common-law) arising out of Plaintiff's purchase of a 1957 Cadillac Eldorado Brougham from Defendants for $130,000. Specifically, Plaintiff seeks to recover punitive damages and has alleged that Defendants have "a pattern of making similar false statements and representations" to induce consumers to purchase vehicles. (Compl. Count II, par. 28).

2. On January 15, 2008, Plaintiff served his first set of interrogatories and document requests on Defendant. Specifically, interrogatory no. 24 requested that defendants "identify all other lawsuits, charges, claims, complaints, and/or oral or written complaints [its has] received from customers relating to eBay auctions and/or any alleged fraud or misrepresentations." Document request no. 26 sought "all documents relating to other lawsuits, charges, claims,

complaints, and/or oral or written complaints [Defendants have] received from customers relating to eBay auctions and/or any alleged fraud or misrepresentations."

3. On March 21, 2008, Defendants filed their responses to the discovery requests and objected to interrogatory no. 24 and document request no. 26 on the basis of relevance, offering only that any eBay complaints were a matter of public record. A copy of the relevant portions of Defendants' responses is attached as Exhibit A.[1]

4. On May 6, 2008, Plaintiff's counsel sent a letter, pursuant to Fed. R. Civ. P. 37.2 and Local Rule 37.2 regarding Defendants' objections. The letter states, in relevant part:

> The information requested above is relevant, or may lead to the discovery of relevant and admissible evidence relating to a pattern of deceptive and/or fraudulent conduct on the part of defendants and to otherwise support the claim for punitive damages. ... [Further], Defendant's response that the eBay complaints are available online only addresses part of the request, which also encompasses all lawsuits, charges, claims and complaints. Also, we are entitled to see any communications retained by defendants even if they were posted on eBay, because they may no longer be publicly available or the posting could be incomplete. There may also be communications regarding a customer complaint that involved an eBay listing, but were sent separately.

A copy of plaintiff's counsel's May 6, 2008 letter is attached as Exhibit B.

5. On May 13, 2008, counsel for Defendants' responded to the Rule 37.2 letter, stating that they were "standing on their objections," thus necessitating this motion. A copy of defendant's counsel's May 13, 2008 letter is attached as Exhibit C.

6. To date, Plaintiff has located individuals in New Jersey, Kentucky, Maryland and California, who had similar experiences with Defendants and therefore Defendants clearly have information responsive to the requests.

7. Evidence relating to other complaints, claims and lawsuits against Defendants is relevant to establish the pattern of deceptive conduct by Defendants in selling vehicles through

---

[1] Plaintiff incorporates by reference the Exhibits filed with his original Motion to Compel herein.

eBay Motors. This pattern evidence will weigh both on establishing Defendants' liability in this case, along with supporting Plaintiff's claim for punitive damages. See Figueroa v. City of Chicago, -- F.Supp.2d --, 2000 WL 520926, *3; (N.D. Ill., April 24 2000)( Evidence of a pattern or practice of discrimination was potentially relevant to Plaintiff's Title VII claim; whether the evidence is probative of discrimination or unfairly prejudicial must be evaluated at trial); U.S. v. DeCastris, 798 F.2d 261, 265 (7th Cir. 1986)(court found relevant evidence of pattern of lies helped jury to assess defendant's intent); Motherway, Glenn & Napleton v. Tehin, -- F.Supp.2d --, 2003 WL 21501952, *8 (N.D. Ill., June 26 2003)(pattern of conduct of attorneys of misappropriating client funds over period of years justified award of punitive damages); Kelsay v. Motorola, Inc., 384 N.E.2d 353, 359 (Ill. 1978)(In Illinois, "[i]t has long been established ... that punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.").

8. In addition, Defendants have denied making the alleged misrepresentations. Accordingly, this material is discoverable under Federal Rule of Evidence 406, which provides that "the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." F.R.E. 406. The information sought may also be used for impeachment purposes.

9. Notably, the Federal Rules of Civil Procedure allow for broad discovery. See Fed. R. Civ. P. 26(b)(1). As such, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... [and is of] discoverable matter." See Acevado v. Ace Coffee Bar, Inc., -- F.R.D. --, 2008 WL 538915 (N.D. Ill. Feb. 25,

3

2008). Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id. (internal citations omitted). Here, evidence of other consumers, who were deceived and defrauded by Defendants in ways similar to the fraud alleged by Plaintiff in this case, are relevant.

10. Accordingly, Defendants should be ordered to respond to interrogatory no. 24 and document request no. 26, which seek information that is relevant, or may lead to the discovery of admissible evidence.

WHEREFORE, Plaintiff John S. Stafford, III, respectfully requests that this Court enter an order (1) compelling Defendants to respond to interrogatory no. 24 and document request no. 26; (2) requiring Defendants to pay for Plaintiff's fees in bringing this motion; and (3) and for any additional relief that the Court deems appropriate.

John S. Stafford, III, an individual

By:   /s Alexander D. Marks
        One of his Attorneys

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
312-840-7000
312-840-7900 (facsimile)
470808.1

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing Plaintiff's Amended Motion to Compel Discovery Responses to be filed electronically in the Northern District of Illinois and to be served electronically on:

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606

on the 27th day of May, 2008 before the hour of 5:00 pm.

　　　　　　　　　　　　　　　　　　　　　　　/s Alexander D. Marks