```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2               IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 3                        EASTERN DIVISION

 4   JOHN S. STAFFORD, III,       )   Docket No. 07 C 6504
     an individual,               )
 5                                )
                      Plaintiff,  )
 6                                )
                v.                )   Chicago, Illinois
 7                                )   May 28, 2008
     CARS OF YESTERDAY, INC.,     )   9:45 o'clock a.m.
 8   a Florida corporation; and   )
     MARVIN FRIEDMAN, an individual, )
 9                                )
                     Defendants.  )
10
                  TRANSCRIPT OF PROCEEDINGS - MOTION
11                BEFORE THE HONORABLE MORTON DENLOW

12   APPEARANCES:

13   For the Plaintiff:        BURKE, WARREN, MacKAY &
                               SERRITELLA, by
14                             MR. JAY S. DOBRUTSKY
                               330 North Wabash Avenue
15                             22nd Floor
                               Chicago, Illinois 60611
16
     For the Defendants:       BARNES & THORNBURG, by
17                             MR. BRADLEY B. FALKOF
                               One North Wacker Drive
18                             Suite 4400
                               Chicago, Illinois 60606
19

20

21             ALEXANDRA ROTH, CSR, RPR
                  Official Court Reporter
22              219 South Dearborn Street
                       Room 1224
23                Chicago, Illinois 60604
                    (312) 294-0134
24

25   NOTE:  Please notify of correct speaker identification.
```

```
 1          (Proceedings had in open court:)
 2          THE CLERK:  07 C 6504, Stafford versus Cars of
 3   Yesterday.
 4          MR. DOBRUTSKY:  Good morning, your Honor.  Jay
 5   Dobrutsky, D-o-b-r-u-t-s-k-y, for the plaintiff, John Stafford.
 6          MR. FALKOF:  Good morning, your Honor.  Brad Falkof,
 7   F-a-l-k-o-f, on behalf of the defendants.
 8          MR. DOBRUTSKY:  Judge, we're before you this morning
 9   on plaintiff's motion to compel.  Just as a quick preliminary
10   matter, yesterday we filed an amended motion to compel and
11   served it on your Honor.
12          THE COURT:  Yes.
13          MR. DOBRUTSKY:  It -- just want to make sure your
14   Honor received that.
15          THE COURT:  Right.
16          MR. DOBRUTSKY:  Judge, plaintiff's complaint alleges
17   consumer fraud and common law fraud based on misrepresentations
18   made by defendant in connection with the sale of a '57 Cadillac
19   Eldorado (inaudible) --
20          THE COURT:  This was --
21          MR. DOBRUTSKY:  (inaudible).
22          THE COURT:  -- one transaction involving $130,000.
23          MR. DOBRUTSKY:  That's correct, your Honor.
24          THE COURT:  And now you're suggesting that you want to
25   go and investigate other transactions.  And, you know, isn't
```

1  the case going to get out of control if --
2         MR. DOBRUTSKY:  I don't think so, your Honor.  The --
3  the defendants only handle a small number of sales per year,
4  maybe under a dozen.  We've already conducted some
5  investigation, have turned up other individuals throughout the
6  country who -- who have claims based on similar
7  misrepresentations against the defendant.
8         THE COURT:  Well, but are we going to adjudicate those
9  as part of this case?
10        MR. DOBRUTSKY:  We're not going to adjudicate them,
11 your Honor.  Our -- our position is that the pattern and
12 practice evidence is probative of liability on the fraud
13 claims.
14        THE COURT:  How is it probative if those claims are
15 contested?
16        MR. DOBRUTSKY:  Well, your Honor, we are here today to
17 decide an issue of discoverability, not admissibility.  If
18 the --
19        THE COURT:  It's not a class action.
20        MR. DOBRUTSKY:  It's not a class action, your Honor.
21 But where we have a claim for punitive damages and fraud
22 claims, pattern and practice evidence is routinely probative of
23 those claims.
24        THE COURT:  Well, you know, it's easier to understand
25 pattern and practice in the context of an ongoing situation.  I

1  assume each of these cars are unique, that each have their
2  own --
3       MR. DOBRUTSKY:  They're unique but similar in the
4  sense that they are classic or vintage vehicles.  And many of
5  the same issues as to -- as to the condition of the vehicles is
6  common to all the claims.
7       Your Honor, I think it's similar -- and the exact
8  caption is failing me but to the fairly famous bedbug case
9  decided by the Seventh Circuit, in which Judge Posner said that
10 because there was a record of the defendant motel in that case
11 not eradicating bedbugs that it knew about for years and years
12 and years, that was probative of a punitive damages award that
13 exceeded, you know, the double digits which the U.S. Supreme
14 Court has held up as a general guideline.
15      So it was relevant there.  I don't think we're dealing
16 with a very different case here.
17      THE COURT:  Mr. Falkof?
18      MR. FALKOF:  Your Honor is asking the questions that
19 in a sense I'm asking.  I think that the two cases in fact that
20 were cited by the plaintiff in their motion are somewhat
21 instructive because in fact what they tell us is that you don't
22 look at the evidence of other claims or concerns or complaints.
23 What you look at is how the particular plaintiff, in this case
24 Mr. Stafford, was treated.
25      In the first case they cited, Figueroa,

1   F-i-g-u-e-r-o-a, versus City of Chicago, the City of Chicago
2   moved to bar evidence concerning discrimination or harassment
3   of the plaintiff or any other employee based on national
4   origin, heritage or race.  And the Court there said very
5   simply, evidence of discrimination based on race, national
6   origin or ethnicity is not relevant to whether the plaintiff
7   was subject to a sexually hostile work environment.  The focus
8   had to be on how the particular plaintiff was treated.
9           The same language is found in the other case cited by
10  the plaintiff.
11          I will differ with respect to one very important fact
12  that counsel made -- stated; that is, he said this is a very
13  small operation.  In fact, over the years I've been advised
14  that there are over 3,000 transactions which have occurred
15  through Cars of Yesterday.  This is not just some small
16  operation where you can say, ah, we only have ten or 12 a year,
17  and now we're going find those ten or 12.  What's going to
18  happen is going to be that when the plaintiff finds that -- as
19  they have.  Apparently there are some disgruntled purchasers,
20  we're going to end up having to bring in the records of the
21  thousands of positive responses to people who have bought cars
22  from Cars of Yesterday.
23          I personally am disappointed in the direction this
24  case is taking because when we were last in front of the Court,
25  not your Honor but the Judge, he said, what you ought to do is

1  inspect the vehicle and determine what's the condition of the
2  vehicle today.  And that will tell us a whole lot in terms of
3  trying to move this case forward, either towards a settlement
4  or we have an agreement to disagree.
5          Plaintiff has now decided to jump right into
6  depositions all across the country, and where we're going to
7  start spending a whole lot of money on what I think are matters
8  which are not relevant to -- the central claim is, what's the
9  condition of the car, and what was represented to the plaintiff
10 at the time the car was sold, at a time he apparently didn't
11 want to look at it.  He spent $130,000, was told to look at it,
12 bought it as is, and decided to just take it without looking at
13 it.
14         THE COURT:  You get the final word.
15         MR. DOBRUTSKY:  Well, your Honor, he bought it based
16 on the representations that were made that it was in pristine
17 and perfect condition, as apparently happened with several
18 other individuals throughout the country.  Judge, I still think
19 we're jumping to admissibility issues rather than
20 discoverability issues.  If there is 30 other claims or 300 or
21 30,000, it's going to be plaintiff's burden to look through
22 those documents.  If defendant wants to put on mitigating
23 evidence of happy customers, that's -- that's up to -- that's
24 up to defendants.
25         Judge, I think it's well within the scope of

1  discoverability under Rule 26. It's at a minimum habit
2  evidence under the Rule of Evidence 406. It's admissible at
3  least for the purposes of impeachment. And I think at this
4  early discovery stage we should be entitle to an answer to our
5  request.
6         THE COURT: Okay. I don't see how it's possibly
7  relevant to impeachment. I can't conceive how another
8  transaction can be impeaching in terms of what he said or
9  represented to your client.
10        MR. DOBRUTSKY: Well, we haven't deposed anyone yet,
11 your Honor. So I can't tell you exactly how it would be
12 relevant. But it may be.
13        THE COURT: To me this is the classic fishing
14 expedition. This is a case that involves one transaction
15 between two parties. And to permit it to be expanded to 20
16 parties, 30 parties, 50 parties, in a case involving $130,000
17 is -- it would be a miscarriage of justice.
18        So focus on this case, this car, this claim and these
19 two parties. That's what it's all about.
20        Motion to compel is denied. And stay focused.
21        MR. DOBRUTSKY: Thank you, your Honor.
22        MR. FALKOF: Thank you, your Honor.
23        THE COURT: There is a status for June 10. Where are
24 you in discovery?
25        MR. DOBRUTSKY: Judge, I understand that we -- we

1  exchanged written discovery and answered it. I think that's
2  where we are.
3         MR. FALKOF: That's correct, your Honor. The --
4  clearly -- and I think I can speak for both sides because I
5  know counsel is not the first attorney on the case. I mean,
6  there is other people in his office. But I think I can speak
7  for the other people in his office that regardless of how we
8  are moving in this direction, there is an interest in trying to
9  have the car inspected, get to the facts. Right now we have
10 some allegations on both sides. And the fact is, there is a
11 car sitting some number of blocks from this courthouse which no
12 one has looked at carefully and needs to be inspected so that
13 we can -- I can either go back to my client and say, you know,
14 you sold a piece of junk and you shouldn't have. Or they can
15 talk to their client, say, you know what, it's substantially
16 the way it was represented.
17        THE COURT: You've got a discovery cutoff date of July
18 23, I believe, right?
19        MR. FALKOF: That's right.
20        THE COURT: At what point in time will the plaintiff
21 be prepared to make a written settlement demand?
22        MR. DOBRUTSKY: You know what, your Honor? One thing
23 I will agree with counsel on today is, I am pinch hitting, and
24 I apologize, but I don't -- I don't know the answer to that.
25        MR. FALKOF: I can actually answer that. There have

1  been discussions, fruitful discussions. I think that once the
2  vehicle is inspected, both parties would be wise and I think
3  we've agreed to come before someone like yourself and say, help
4  us get over the last hurdle.
5          But this is a car that has tremendous value. My
6  client has all along said --
7          THE COURT: Well, the older it gets, the more valuable
8  it gets if it's antique. So maybe if you keep the case going
9  another five years, you can enhance the value.
10         MR. DOBRUTSKY: It can get old in a good way and old
11 in a bad way.
12         MR. FALKOF: And apparently it's being well cared for.
13 So that's not a concern as sometimes is the case. But, yes,
14 this car does increase in value every day.
15         THE COURT: That's a beautiful thing. Maybe we will
16 be able to roll it into the courtroom one day, take it up the
17 freight elevator. I will take a look at it.
18         Okay. When are you due before Judge Gettleman again?
19         MR. DOBRUTSKY: Offhand I don't know the next date
20 that we're scheduled before him.
21         THE COURT: Okay. Here is what I will do: I will
22 just set you for -- we'll vacate the status date. I will set
23 you for middle of July. But now, you got a July 23rd cutoff.
24 So right after the cutoff.
25         MR. DOBRUTSKY: Okay.

1    THE CLERK: July 29 at 10:00 o'clock.

2    THE COURT: Try to, you know, either contact Donna to
3 set up a settlement conference before then, or come in ready to
4 tell me where you stand on settlement on the 29th. So we'll
5 either set it for settlement conference or you'll set it for
6 trial. Okay?

7    MR. DOBRUTSKY: I assume we could come in before that
8 date?

9    THE COURT: Any time. Just contact -- all you need to
10 do is contact my courtroom deputy and she'll give you a date.

11    MR. DOBRUTSKY: Thank you.

12    MR. FALKOF: Thank.

13    THE COURT: Enjoy the inspection. Make sure you test
14 drive it so you can see what it feels like.

15    MR. FALKOF: On a day like today we'll try that.
16 Thank you.

17    (Which were all the proceedings had at the hearing of the
18    within cause on the day and date hereof.)

19                    CERTIFICATE

20    I HEREBY CERTIFY that the foregoing is a true, correct
and complete transcript of the proceedings had at the hearing
21 of the aforementioned cause on the day and date hereof.

22
23  _____          5-29-08
     Official Court Reporter                  Date
24   U.S. District Court
     Northern District of Illinois
25   Eastern Division