IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
NOV 16 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JOHN S. STAFFORD, III, an individual )
)
Plaintiff, )
)
v. )
) 07CV6504
CARS OF YESTERDAY, INC. a Florida ) JUDGE GETTLEMAN
Corporation; and MARVIN FRIEDMAN, an ) MAG. JUDGE DENLOW
individual )
)
Defendant. )

## COMPLAINT

Plaintiff, John S. Stafford, III ("Stafford"), for his complaint against defendants Cars Of Yesterday, Inc. ("COY") and Marvin Friedman ("Friedman"), states as follows:

### PARTIES AND JURISDICTION

1. Stafford is an individual residing in Chicago, Cook County, Illinois.

2. COY is a Florida Corporation that represents itself as a company that markets and sells classic cars from the 1920s through the 1970s throughout the United States. COY's principal place of business is in Fort Lauderdale, Florida.

3. Friedman is an individual who, upon information and belief, resides in Florida, and is the owner of COY.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2) and (a)(3) because a substantial part of the events giving rise to the claims occurred in Illinois and COY is subject to personal jurisdiction in Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

6.  In or about September 2007, COY posted a listing on the eBay Motors' auction website to sell a 1957 Cadillac Eldorado Brougham (the "Vehicle") in which COY represented, among other things, that:

>   (a) COY would provide the auction winner with the "the mountain of bills and receipts" it had for the over $100,000 it spent refurbishing the Vehicle,
>
>   (b) "every piece of chrome, trim and pot metal was redone,"
>
>   (c) the engine was "removed,"
>
>   (d) the Vehicle had "all new rubber seals and gasket,"
>
>   (e) the Vehicle was in "showroom condition," and
>
>   (f) the undercarriage of the Vehicle was "immaculate."

7.  Stafford saw the eBay posting and in September of 2007, from his office in Chicago, talked with Friedman by telephone and expressed interest in purchasing the Vehicle. At that time, Friedman, in addition to confirming the above-described representations in the eBay posting, orally represented to Stafford that the Vehicle was "rust free," and that he had spent over $100,000 in refurbishing the Vehicle, the receipts of which he would provide Stafford when the Vehicle was delivered to Stafford. Friedman also represented that he would provide receipts showing that he spent $25,000 for all of the vanities associated with the Vehicle.

8.  Based upon Friedman's conversations with Stafford, Friedman cancelled the eBay auction.

9.  In reliance upon the above described written and oral representations of COY and Friedman, Stafford agreed to purchase the Vehicle, outside of eBay, from COY for $130,000.

2

10. In late September, 2007, COY sent paperwork for the transaction to Stafford in Chicago, Illinois, which Stafford signed and returned to COY. Stafford sent a wire transfer from his bank in Chicago paying for the Vehicle in full. COY then shipped the Vehicle to Chicago, Illinois to Stafford's agent, Willow Automotive Services, Inc. ("Willow"), located in Chicago.

11. Upon receipt of the Vehicle, Willow found, among other things, that:

   (a) The undercarriage of the body of the Vehicle was not rust free or immaculate; on the contrary, it contained significant structural damage including a rusted out hole and was otherwise blemished and caked with substances;

   (b) all of the chrome, trim and pot metal of the Vehicle was not redone;

   (c) the engine had not been removed;

   (d) the Vehicle did not have all new rubber seals and gaskets; and

   (e) the Vehicle was not in "showroom condition;" specifically, in addition to the above conditions, the transmission and differential were leaking, the engine had coolant and oil leaks, there was overspray paint on the moldings, the paint finish showed shrinkage, dirt and texture inconsistencies, the air conditioning system did not operate, two of the power windows were not working, and the brakes were not operating.

In addition, COY and Friedman did not provide the receipts for the $125,000 it allegedly spent refurbishing the Vehicle and for the vanities when it delivered the Vehicle and have refused to provide such receipts.

12. Thereafter, Stafford contacted Friedman and COY revoking his acceptance of the Vehicle and demanding that COY refund Stafford the $130,000 he paid for the Vehicle.

3

Friedman refused Stafford's request and told Stafford to contact his attorney "who has never lost a case" and is "very expensive."

## COUNT I
(Violation of Illinois Consumer Fraud Act)

13. For its paragraph 12, Stafford restates and re-alleges paragraphs 1-11 of the Complaint, as though fully set forth herein.

14. Section 2 of the Illinois Consumer Fraud Act (the "Act") states in relevant part:

> ... unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ...in the conduct of any trade or commerce are hereby declared unlawful...

815 ILCS 505/2.

15. Stafford is a "consumer" under the Act.

16. The sale of the Vehicle by COY to Stafford in Illinois occurred in the course of conduct involving trade or commerce.

17. COY and Friedman made the following false and deceptive oral and written statements about the Vehicle in order to induce Stafford to purchase the Vehicle:

> (a) COY and Friedman would provide Stafford with the receipts for the $125,000 purportedly spent refurbishing the Vehicle and for the vanities,
>
> (b) "every piece of chrome, trim and pot metal was redone,"
>
> (c) the engine was "removed,"
>
> (d) the Vehicle had "all new rubber seals and gasket,"
>
> (e) the Vehicle was in "showroom condition,"
>
> (f) the Vehicle was "rust free," and
>
> (g) the undercarriage of the Vehicle was "immaculate."

4

18. Friedman and COY made the above-referenced written and oral misrepresentations to Stafford with the intent that Stafford rely upon them.

19. Stafford did rely on the above-described representations in purchasing the Vehicle.

20. As a proximate cause of the misrepresentations, Stafford has suffered actual damages as a result of COY and Friedman's conduct in the amount of $130,000.

21. Friedman and COY's conduct was willful and/or with reckless indifference to the rights of others.

WHEREFORE, Stafford respectfully requests that this Court enter judgment in his favor and against Friedman and COY for $130,000, punitive damages of $500,000, attorney's fees pursuant to the Act, for costs, and for such other and further relief as the Court deems just.

## COUNT II
(Common Law Fraud)

22. For its paragraph 20, Stafford restates and re-alleges paragraphs 1-19 of the Complaint, as though fully set forth herein.

23. As described above, Friedman and COY made numerous oral and written misrepresentations about the Vehicle in order to induce Stafford to purchase the Vehicle.

24. Friedman intentionally made the above-described misrepresentations to Stafford knowing they were false at the time the misrepresentations were made, or made them in reckless disregard of the truth.

25. Friedman and COY made the above-referenced written and oral misrepresentations to Stafford with the intent that Stafford rely upon them.

26. Stafford in fact relied upon the misrepresentations in agreeing to purchase the Vehicle.

5

27. Friedman and COY acted willfully and with wanton disregard of Stafford's rights when he knowingly made the above described false statements and representations so as to induce Stafford to purchase the Vehicle.

28. Upon information and belief, Friedman and COY have a pattern of making similar false statements and representations to other individuals who have purchased vehicles from COY.

29. Friedman and COY's misrepresentations were material to Stafford's decision to purchase the Vehicle.

30. Stafford has suffered actual damages as a result of COY and Friedman's above described conduct.

WHEREFORE, Stafford respectfully requests that this Court enter judgment in his favor and against COY and Friedman for $130,000, for punitive damages of $500,000, for costs, and for such other and further relief as the Court deems just.

Thomas Stafford, an individual

By: _____
One of his Attorneys

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
Telephone: (312) 840-7000
Fax: (312) 840-7900

450476