IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual<br><br>Plaintiff,<br><br>v.<br><br>CARS OF YESTERDAY, INC. a Florida Corporation; and MARVIN FRIEDMAN, an individual<br><br>Defendants. | Case No. 07-cv-6504<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Morton Denlow |

## PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF MARVIN FRIEDMAN

Plaintiff John S. Stafford, III, ("Stafford"), by and through his attorneys, hereby moves this Court for an order compelling Defendant Marvin Friedman ("Friedman") to appear in Chicago for his deposition, and in support thereof states as follows:

1.  On May 28, 2008, Plaintiff's counsel served a notice of deposition for defendant, Marvin Friedman ("Friedman"), scheduling his deposition for June 18, 2008 at Plaintiff's counsel's office in Chicago, Illinois. A copy of the notice of deposition is attached as <u>Exhibit A</u>.

2.  Thereafter, Friedman's counsel advised that due to certain health issues, Friedman was unable to travel outside South Florida, where he resides. In addition, Friedman's counsel suggested that pursuant to federal rules, Friedman is not required to travel more than 100 miles for his deposition. As demonstrated below Friedman must appear in Chicago for his deposition and Plaintiff now requests an order compelling the deposition for a date certain.

3.  On various occasions, Friedman's counsel has represented that Friedman is unable to travel to Chicago because Friedman was either recovering from an unspecified surgery, had a kidney stone, had the flu, has a heart condition, and has an unspecified medical condition relating to his service in the military.

4. Plaintiff's counsel requested a doctor's note verifying Friedman's inability to travel to Chicago. Friedman's counsel provided a letter from a Dr. Dean J. Rotondo, a "neuropsychiatrist", which stated "due to the nature of [Mr. Friedman's] medical condition he is advised to restrict travel and other daily functions to his local south Florida area." A copy of the letter dated June 9, 2008 is attached as Exhibit B.

5. In response, Plaintiff's counsel advised that the letter was not satisfactory in that it did not specify the "current medical condition" referenced by the doctor nor did it appear to relate to any of the health issues previously described. Accordingly, Plaintiff requested a further explanation as to Friedman's medical condition and, in addition, a clear indication as to whether the travel restrictions were limited to a certain time period or if it were Friedman's position that he could never travel again outside of south Florida. A copy of an email from plaintiff's counsel to Friedman's counsel dated June 6, 2008 is attached hereto as Exhibit C.

6. On June 10, 2008, a second letter from Dr. Rotondo was sent to plaintiff's counsel stating "the exact nature of the medical condition of my patient, Marvin Friedman, is private and privileged information ... It is undetermined at this time as to when he can travel again." A copy of the June 10, 2008 note is attached as Exhibit D.

7. In response, Plaintiff again advised that the note was not satisfactory and agreed that any information given by Dr. Rotondo on Mr. Friedman would be kept confidential. A copy of Plaintiff's counsel's email of June 10, 2008 is attached as Exhibit E. To date, no further response has been received.

8. Plaintiff requests an order compelling Friedman to appear for his deposition as he has failed to provide sufficient medical documentation as to why he cannot travel, and the information he has provided is inconsistent with the prior medical conditions communicated by his counsel. See Waters v. Genesis Health Ventures, Inc., -- F.Supp.2d --, 2004 WL 870694

2

(E.D. Pa. 2004) (plaintiff's Motion to Compel deposition of defendant granted; defendant's counsel was requested to provide medical documentation as to why the deposition should not take place and failed to do so); and Lindsey v. St. Paul Fire and Home Ins. Co., 202 Fed. Appx. 137, 2006 WL 3044427 (7th Cir. 2006) (unpublished decision) (district court could compel plaintiff to be deposed, despite plaintiff's production of doctor's note stating she was being treated for chronic medical conditions and could not attend court meetings due to her aggravated psychiatric and physical state; note was inconsistent with plaintiff's otherwise substantial participation in preparing her case, and doctor did not show sufficient familiarity with factual requirements of deposition to assess plaintiff's fitness to be deposed).

9. In addition, Friedman's apparent reliance on Fed. R. Civ. P. 45 is also unavailing. Specifically, under that rule, a subpoena for deposition may be quashed if it "requires a person ***who is neither a party nor a party's officer*** to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person" for his/her deposition. FRCP 45(c)(3)(A)(ii).

10. Friedman is a party defendant and Rule 45 avails him no such protection. By implication, Rule 45 suggests that a party may be required to travel more than 100 miles. See Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2112, Place of Examination ("if the person to be examined is a party to the action, a subpoena is not required ... and the examining party may set the place for the deposition ... wherever he or she wishes"). Here, Friedman is accused of defrauding an Illinois resident and chose to do business in Illinois, thereby availing himself of jurisdiction and venue in the Northern District of Illinois. Friedman cannot therefore now complain about travelling to Illinois. Notably, this Court previously denied defendants' motion to transfer the case to South Florida. (See Judge Gettleman's order of April 23, 2008, denying

3

defendants' motion to transfer venue.)  Accordingly, Friedman should be ordered to appear for his deposition in Chicago.

WHEREFORE, Plaintiff John S. Stafford, III, respectfully requests that this Court enter an order compelling Marvin Friedman to appear for his deposition in Chicago, Illinois for a date certain.

John S. Stafford, III, an individual

By:   /s Alexander D. Marks
         One of his Attorneys

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois  60611
312-840-7000
312-840-7900 (facsimile)
472474

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing Plaintiff's Motion to Compel Deposition of Marvin Friedman to be filed electronically in the Northern District of Illinois and to be served electronically on:

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606

on the 13th day of June, 2008 before the hour of 5:00 pm.

/s Alexander D. Marks