IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual,<br><br> Plaintiff,<br><br>-vs-<br><br>CARS OF YESTERDAY, INC., a Florida Corporation; and MARVIN FRIEDMAN, an individual,<br><br> Defendants. | Court No:   07 C 6504<br><br>Judge Gettleman<br>Magistrate Judge Denlow |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendants, Cars of Yesterday, Inc. ("Cars of Yesterday") and Marvin Friedman ("Friedman") (collectively, "Defendants"), by their attorneys, Barnes & Thornburg LLP, respond herewith to Plaintiff's Objection to the Magistrate's Order Denying Plaintiff's Motion to Compel Discovery Responses.

### Background Facts

Cars of Yesterday is a Florida corporation in the business of selling unique collectible vehicles throughout the United States. Cars of Yesterday also specializes in vintage vehicle reconditioning services. Over the years, Cars of Yesterday has engaged in hundreds of transactions, including numerous sales of reconditioned collectible vintage vehicles.

On or about September 20, 2007, Plaintiff and Cars of Yesterday entered into a purchase contract (the "Purchase Contract") for the sale and purchase of a 1957 Cadillac Eldorado Brougham (the "Vehicle") for the total sale price of $130,000. Before entering into the Purchase Contract, Defendants invited Plaintiff to inspect the Vehicle. Plaintiff,

however, decided to purchase the Vehicle without any inspection, and signed the Purchase Contract, which explicitly provided a warranty disclaimer that "ALL USED VEHICLES ARE SOLD AS IS WHERE IS."

Upon receipt of the Vehicle, Plaintiff found that the condition of the Vehicle did not meet his expectations. As a result, on November 13, 2007, Plaintiff filed a complaint for fraud in this Court, seeking to recover compensatory damages of $130,000, along with punitive damages. In his interrogatories and document production request, Plaintiff requested that Defendants identify and provide all documents relating to all other "lawsuits, charges, claims, complaints, and/or oral or written complaints" that Defendants received from "customers relating to eBay auctions and/or any alleged fraud or misrepresentations." Defendants served written objections to Plaintiff's discovery request and Plaintiff filed a Motion to Compel Discovery Responses (the "Motion").

On May 28, 2008, Magistrate Judge Denlow conducted a hearing on Plaintiff's Motion. Judge Denlow found that this case was about the sale of a unique vehicle between Plaintiff and Defendants, and it would be a miscarriage of justice to allow Plaintiff to discover Defendant's other sales that had nothing to do with this case. Therefore, Judge Denlow issued an order (the "Order") denying Plaintiff's Motion. Plaintiff has filed an Objection to the Magistrate's Order Denying Plaintiff's Motion to Compel Discovery Responses (the "Objection"). In his Objection, Plaintiff points to unverified and anonymous hearsay statements posted on the internet as the basis to support his discovery request. Also, Plaintiff attached a copy of the Broward County docket, listing cases where someone named "Marvin Friedman" was either a plaintiff or defendant.

**Argument**

I.   **Standard of Review.**

The District Court must uphold Magistrate Judge Denlow's Order, unless it is "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a); *see also In re Old Banc One S'holders Sec. Litig.*, No. 00 C 2100, 2002 U.S. Dist. LEXIS 11128, *3 (N.D. Ill. June 21, 2002). The Seventh Circuit has explained that "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 C 2496, 1988 U.S. Dist. LEXIS 173, *4 (N.D. Ill. Jan. 8, 1988). Therefore, this Court should sustain Judge Denlow's Order so long as this Court is not left with the definite and firm conviction that Judge Denlow's ruling was clearly erroneous or contrary to law.

II.  **Judge Denlow Correctly Denied Plaintiff's Discovery Request Because Plaintiff Failed to Provide Any Sound Legal Basis to Support His Discovery Request.**

   A.   **Judge Denlow was correct in finding that this case only concerns the sale of a unique vehicle.**

As Judge Denlow emphasized, this case only concerns the sale and purchase of one, unique, collectible vehicle between Plaintiff and Defendants, for the total amount of $130,000. (Hr'g Tr. 7:13-20, May 28, 2008.) As Judge Denlow pointed out, each vehicle sold by Defendants is unique. (Hr'g Tr. 3:24-4:2, May 28, 2008.) Judge Denlow was correct, because each reconditioned vintage vehicle sale involves unique representations

due to the vehicle's "one of a kind" nature. Evidence of one unique vintage vehicle's sale has no probative value of the circumstances of another unique vehicle's sale. Judge Denlow correctly identified the unique characteristics of the particular sale in this case. (Hr'g Tr. 7:13-20, May 28, 2008.) Hence, it is not clearly erroneous for Judge Denlow to request that Plaintiff "stay focused" on the discovery related to this unique transaction. (Hr'g Tr. 7:13-20, May 28, 2008.)

    **B.    Plaintiff failed to show any nexus between Defendants' other sales and the unique sale in this case to warrant his discovery request for his punitive damages claim.**

Plaintiff cannot engage in a fishing expedition merely by pleading punitive damages, without showing the similarities between the sales that Plaintiff seeks to discover and the unique sale in this case. The United States Supreme Court has warned that evidence that does not replicate the conduct in question is not admissible in a punitive damages claim. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003). In *State Farm*, the plaintiff was suing State Farm insurance company for bad faith, fraud, and intentional emotional infliction of emotional distress, and was seeking punitive damages. *Id.* at 414-415. To support his punitive damage claim, the plaintiff sought to introduce evidence related to State Farm's fraudulent practices in its nation-wide operations. *Id.* The Supreme Court, however, found that "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Id.* at 422. The Supreme Court concluded that the lower court erred when it considered State Farm's nationwide fraudulent practices, because in the punitive damages analysis, "[a] defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *Id* at 423, 428.

Plaintiff has already concede that he can only discover those transactions engaged in by Defendants that were similar to the one transaction in this case. (Pl.'s Object. ¶ 6, ¶ 8, ¶ 10.) In *Figueroa v. City of Chicago*, a case cited by Plaintiff in his Motion, the Court denied discovery of evidence concerning discrimination or harassment of the plaintiff *or any other employee based on national origin, heritage or race*. No. 97 C 8861, 2000 U.S. Dist. LEXIS 5661, *5 (N.D. Ill. Apr. 24, 2000). (Pl.'s Amended Mot. Compel ¶ 7.) The *Figueroa* court found that evidence of discrimination of every employee based on race, national origin or ethnicity was not relevant to whether the plaintiff was subject to a sexually hostile work environment. No. 97 C 8861, 2000 U.S. Dist. LEXIS 5661, *5 (N.D. Ill. Apr. 24, 2000). Therefore, the *Figueroa* Court required the plaintiff to focus her discovery only on evidence of how she was treated. *Id.*

Similar to the plaintiff in *State Farm*, Plaintiff in this case has alleged that Cars of Yesterday's other sales throughout the States over the years is a basis for punitive damages. Plaintiff, however, has failed to demonstrate that any of Defendants' other transactions are similar to the sale in this case. Actually, Plaintiff is unable to substantiate such a similarity, because each of Defendants' transactions is unique. Each vintage vehicle is reconditioned in a different manner and each sale involves unique circumstances. Following the Supreme Court's reasoning in *State Farm*, Judge Denlow correctly required that Plaintiff focus his discovery on the particular sale in this case.

**C.   Plaintiff has used rumors and innuendos to support his discovery request.**

Absent a showing of any sound nexus between the unique sale in this case and all the other sales that he sought to discover, Plaintiff has used rumors and innuendos as the only support for his discovery request. In his Objection, Plaintiff filed a copy of the Court Docket in Broward County, Florida, listing cases where at least five different individuals named "Marvin Friedman" was either a plaintiff or a defendant. Plaintiff presents no evidence that any one of the Marvin Friedmans identified in the Court Docket is actually the Defendant herein.[1] Nor can Plaintiff point to a single judgment levied against either of the Defendants in any case where they were sued. In addition, Plaintiff points to unverified hearsay statements posted on the internet as a basis for Plaintiff's discovery request. However, it is common sense that internet comments on eBay are replete with rumors and innuendos.

Furthermore, even assuming that Plaintiff could locate a few eBay buyers who left negative comments for Defendants, the bottom line is that a negative comment on one eBay transaction has no relevance to the unique sale of the Vehicle in this case. Therefore, Judge Denlow was not inclined to open the door for Plaintiff to discover all of Defendant's hundreds of other transactions, when Plaintiff's request was based on rumors and innuendos. Hence, Judge Denlow's order denying Plaintiff's Motion was not clearly erroneous or contrary to law.

---

[1] In fact, Defendants have located 7 Marvin Friedmans in South Florida, only one of whom is Marvin Alan Friedman, Defendant in this case.

### III. Plaintiff Misinterpreted Judge Denlow's Reasoning in His Objection.

In his Objection, Plaintiff misinterprets Judge Denlow's reasoning by taking his words out of context. First, Plaintiff alleges that Judge Denlow denied Plaintiff's Motion solely based on the size of the claim. (Pl.'s Object. ¶ 11.) The size of the claim, however, was not the only factor that contributed to Judge Denlow's decision. Judge Denlow was simply questioning whether Plaintiff could show that "this one transaction involving $130,000" would give rise to Plaintiff's request "to go and investigate other transactions." (Hr'g Tr. 2:20-3:1, May 28, 2008.)

Further, Plaintiff alleges that Judge Denlow suggested that Plaintiff's discovery was only relevant in a "class action." (Pl.'s Object. ¶ 12.) However, nothing in the transcript of the hearing indicates that Judge Denlow denied Plaintiff's Motion merely because this case was not a "class action." Plaintiff's misinterpretation of Judge Denlow's ruling in his Objection further proved that Plaintiff was unable to provide any sound legal basis for his discovery request.

### Conclusion

In his Motion, Plaintiff does not provide any sound legal basis to support his discovery request. Judge Denlow asked Plaintiff to focus his discovery on the unique sale in this case. In his Objection, Plaintiff merely brought in rumors and innuendos as the only basis to support his discovery request. For the foregoing reasons, Judge Denlow's order denying Plaintiff's Motion was not clearly erroneous or contrary to law.

In the interest of justice, the Defendants, Cars of Yesterday, Inc., and Marvin Friedman, respectfully request this Court to affirm Judge Denlow's Order denying Plaintiff's motion to compel discovery and for such other relief as the Court deems fair and proper.

        Respectfully submitted,

        CARS OF YESTERDAY, INC., and
        MARVIN FRIEDMAN


        By: /s/ Bradley B. Falkof
            One of Their Attorneys

Bradley B. Falkof
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 BBF 470728v1