IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No. 07-cv-6504<br>CARS OF YESTERDAY, INC. a Florida )<br>Corporation; and MARVIN FRIEDMAN, an ) Judge Robert W. Gettleman<br>individual ) Magistrate Judge Morton Denlow<br>)<br>Defendants. ) | |

## PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL DEPOSITION OF MARVIN FRIEDMAN

Plaintiff John S. Stafford, III, ("Stafford"), by and through his attorneys, for his supplement to his previously filed motion to compel Defendant Marvin Friedman ("Friedman") to appear in Chicago for his deposition, states as follows:

1.  Defendant Friedman contends that he is too sick to travel to Chicago for his deposition. Plaintiff recently became aware that Defendant Friedman, at least for the 2007 calendar year, claimed significant travel and entertainment expenses. Casting further doubt on Friedman's claim that his unspecified psychiatric health condition prevents him from traveling to Chicago is a significant criminal record for fraud, embezzlement and money laundering. A copy of Friedman's criminal record is attached as Exhibit A, which includes a 57 month prison term.

2.  Plaintiff's counsel has also recently discovered that Friedman and defendant Cars of Yesterday have multiple fraud and deceptive practices cases pending against them in Broward County, Florida, along with approximately 20 closed cases. Some of these cases, including Douglas D. Snyder v. Marvin Friedman and Cars of Yesterday, Inc., case number 0619915, and David Ades v. Cars of Yesterday, Inc., case number 0807086, are very similar to Plaintiff's complaint here. Copies of the complaints in the *Snyder* and *Ades* cases are attached as Exhibit B.

3.  Accordingly, this Court should not accept at face value the doctor's notes that Freidman obtained, which fail to provide any specifics as to the medical condition that Friedman purportedly suffers from. Moreover, there is nothing within the doctor's notes to connect the mysterious condition to travel restriction outside of South Florida and no time limit on the restriction is given despite plaintiff's request for same. At a minimum, to try to avoid the deposition here in Chicago, Freidman must demonstrate that he has a valid medical excuse and indicate the time period during which travel is restricted. Counsel for plaintiff also presently has no plans to travel to South Florida for any depositions in this case.

4.  Finally, Plaintiff has been advised that Friedman's personal Florida attorney, Hyatt Fried, intends to appear in this case. Accordingly, Friedman has the option of traveling to Chicago with his attorney.

John S. Stafford, III, an individual

By: /s Alexander D. Marks
One of his Attorneys

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
312-840-7000
312-840-7900 (facsimile)
473330.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that he caused the foregoing Plaintiff's Supplement to Motion to Compel Deposition of Marvin Friedman to be filed electronically in the Northern District of Illinois and to be served electronically on:

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606

on the 20th day of June, 2008 before the hour of 5:00 pm.

/s Alexander D. Marks