IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARS OF YESTERDAY, INC. a Florida ) <br> Corporation; and MARVIN FRIEDMAN, an ) <br> individual ) <br> ) <br> Defendants. ) | Case No. 07-cv-6504 <br><br> Judge Robert W. Gettleman <br> Magistrate Judge Morton Denlow |

**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTION TO THE MAGISTRATE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

INTRODUCTION

Defendants' response intentionally overlooks the fact that the pending action is at the discovery phase, not the trial phase. A motion *in limine* may eventually be brought to resolve issues regarding the use of the pattern-and-practice evidence at trial, but Plaintiff's most basic right to discover evidence of Defendants' similar deceptive practices at this stage is clear. Indeed, the decisions from the Northern District of Illinois, Seventh Circuit and U.S. Supreme Court relied upon by Plaintiff, *Albelo, Mathias and Gore*, which defendants do not even mention in their response let alone challenge, directly support the limited discovery sought here. Even the one case relied upon by the Defendants, *State Farm*, does not concern the ability of a party to discover pattern evidence, rather the decision there goes to the standards for the admissibility of such evidence. There is also no dispute that Defendants have the information being sought – they do not and cannot deny the existence of other deceptive practices and fraud claims against them regarding the sale of automobiles. The Magistrate's error in allowing Defendants to withhold this information is clear as the requests satisfy the most basic standard for discovery –

that the information sought may reasonably lead to the discovery of admissible evidence. Moreover, Defendants do not and cannot challenge the fact that it was clear error for the Magistrate to base his decision on the "size of the case" and the fact that the case is not a class action.

## ARGUMENT

I. The Evidence Plaintiff Seeks Is Well Within The Permissible Scope Of Discovery.

Tellingly, Defendants do not mention, let alone challenge, the relevant cases relied upon by Plaintiff that squarely supports Plaintiff's right to the discovery sought here and each of which involved modest compensatory damages and were not class actions. In Albelo v. Gateway Chevrolet, -- F. Supp. 2d --, 2003 WL 732324 (N.D. Ill. Feb. 28, 2003), this Court granted a similar motion to compel allowing discovery of complaints of forgery in connection with car sales. In Mathias v. Accor Economy Lodging, Inc., -- F.Supp.2d --, 2002 WL 1611582 (N.D. Ill. July 22, 2002) (aff'd on appeal 347 F.3d 672) (7th Cir. 2003)(J. Posner), this Court held that, under Rule 404(b) of the Federal Rules of Evidence ("FRE"), the defendant motel's disregard for complaints about bedbugs in rooms over the course of two years was relevant to plaintiffs' claim for punitive damages arising out of bedbug bites they incurred while staying at the motel. Finally, in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), the Supreme Court found that BMW's nationwide practice of misrepresenting cars which had been slightly damaged as "new" was relevant to plaintiff's claim for punitive damages based on the same conduct. These decisions directly support Plaintiff's position that claims similar to his are discoverable to establish both liability and punitive damages.

Defendants also concede, as they must, that other complaints of fraud and misrepresentation may be relevant to the issue of punitive damages and/or liability pursuant to

FRE 404(b). (Response, pgs 5-6). Moreover, Defendants do not deny that other complaints exist. Instead, Defendants merely state that Plaintiff has not yet shown the nexus or similarities between these other complaints and the instant matter, and argue that "evidence that does not replicate the conduct in question is not admissible." (Response, pg 4). But Plaintiff cannot make this determination without first receiving the requested discovery. Plaintiff is not required, at this point, to prove that the information sought is admissible. Defendants' argument and the Magistrate's erroneous ruling confuse the standard for the scope of discovery with the standard for admissibility at trial. Notably, the parties are not yet at trial, and the information sought meets the applicable standard of being reasonably calculated to lead to the discovery of relevant or admissible evidence. See Acevado v. Ace Coffee Bar, Inc., -- F.R.D. --, 2008 WL 538915 (N.D. Ill. Feb. 25, 2008); Fed. R. Civ. P. 26(b)(1).

Moreover, the one decision relied upon by Defendants, State Farm Mut. Aut. Ins. Co. v. Campbell, 538 U.S. 408 (2003), dealt with the *admissibility* of evidence of other similar complaints at trial, as relating to a punitive damages award, and *not* whether such information was *discoverable* in the first place (which it was). The Supreme Court in State Farm ruled that the evidence of other misconduct was inadmissible because it was not substantially similar to the underlying conduct at issue. Id. at 422. But again, as shown in its original motion and below, Plaintiff already has found evidence of substantially similar conduct. Moreover, Judge Posner, in his opinion in Mathias, *supra.*, cited State Farm and made clear that the similar bad acts a defendant has committed are directly relevant to the issue of punitive damages. 347 F. 3d at 677. Accordingly, Defendants here have failed to offer any authority that would permit them to withhold the discovery sought by Plaintiff.

3

II.     The Pattern-And-Practice Evidence Plaintiff Seeks To Discover Is Sufficiently Similar To The Wrongful Conduct Plaintiff Has Alleged Against Defendants.

Contrary to Defendants' argument that Plaintiff's transaction with Defendants is "unique," Plaintiff's investigation thus far demonstrates that Defendants' trademark acts of willfully fraudulent conduct are anything but unique — Defendants repeatedly convince customers to purchase vintage vehicles that they misrepresent and then once the cars are delivered and a complaint is made refuse to take back the cars or refund the customers' money. Upon the first complaint from the customer, Defendants and their Florida counsel turn to "Rambo" litigation tactics, threatening to destroy the customer with a defamation suit and/or attorneys fees if he or she so much as utters a consumer complaint against Defendants. The scheme typically begins with Marvin Friedman telling potential customers that he is the owner of Cars Of Yesterday and a retired millionaire physician who is a sort of freelance curator of his own vintage automobile museum who sells the vehicles he collects only as a hobbyist. However, none of this is true; indeed Friedman is just the front man for COY, with no ownership in the company and is a convicted felon with a criminal background that includes bank fraud and money laundering, including a 57 month prison sentence.

Courts have long recognized the relevance of evidence of such a pattern and practice of wrongful schemes in affirming awards of punitive damages. In *Carter v. Mueller*, 120 Ill. App. 3d 314, 320-321, 324, 457 N.E.2d 1335 (1st Dist. 1983), the court found that an award of punitive damages could be justified based on the defendant lessor's practice of grossly misrepresenting to potential lessees that the apartment they rented would be in the same condition as a pristine model unit. The court concluded that such an award may be appropriate in order to deter the fraudulent policy and practice demonstrated by the defendant's repeated misconduct. *Id.* at 324. In *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 839

4

(8th Cir. 2005), the court affirmed a punitive damages award of $2.66 million against the defendant manufacturer in connection with its wrongful termination of an exclusive dealership agreement, even though the plaintiff dealer suffered only economic rather than physical harm, the defendant's tortious conduct did not threaten personal health or safety, and the dealer was not financially vulnerable. The punitive damages award, representing a four-to-one ratio to compensatory damages, was appropriate because the manufacturer's repeated pattern of terminating dealership agreements, in violation of both its dealers' contractual rights and state dealer protection law, was willful and intentional rather than a mere accident or the result of negligence. *Id.*

Similarly, here, the issue on Plaintiff's Motion to Compel is not, as the Magistrate insisted, and as Defendants argue, whether Plaintiff can show that Defendants' other transactions exactly duplicate Plaintiff's purchase of the 1957 Cadillac Eldorado Brougham, but rather, as in these other cases, the existence of Defendants' modus operandi involving an overall and repeated scheme of fraudulent conduct that Defendants willfully and intentionally employ in defrauding customer after customer. Plaintiff has, independently, found examples of similar conduct, but is entitled to discover further evidence of this pattern and practice. For example, plaintiff has located other cases filed against Defendants that allege fraud and misrepresentations made by Friedman and COY in connection with the sale of automobiles on eBay that are nearly identical in nature to the instant case, including <u>Douglas D. Snyder v. Marvin Friedman and Cars of Yesterday, Inc.</u>, case number 0619915, and <u>David Ades v. Cars of Yesterday, Inc.</u> Copies of these complaints are attached as <u>Exhibit A</u>.[1]

---

[1] These cases were on the Broward County docket that Defendants' suggested involved other persons named Marvin Friedman.

Defendants similarly err when they argue that Plaintiff is not entitled to discover evidence of Defendants' pattern and practice of fraudulent conduct because he signed a Purchase Contract that explicitly provided a warranty disclaimer that all used vehicles are sold "as is, where is." (Response, pg 2.) Plaintiff's Complaint, however, is not based on defects in the vehicle, but rather arises out of a larger scheme of fraudulent conduct employed by Defendants in this and other similar transactions. Moreover, decisions from the Northern District of Illinois make clear that if the alleged misrepresentations in a fraud case do not contradict a contract term, including any language found in an "as is, where is" clause, then the misrepresentations/fraud are actionable. See Deluxe Media Serv., LLC, -- F. Supp. 2d --, 2007 WL 707544, *7 (N.D. Ill. 2007)(citing Vigortone Ag Prods. v. AG Prods., 316 F.3d 641, 644 (7th Cir. 2002))(contract serves as bar only where the alleged misrepresentation in question contradicts a term of the contract; where the contract is silent as to the alleged misrepresentation, no-reliance clause is not a bar to the fraud claim based on those representations); Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F. Supp. 2d 897 (N.D. Ill. 2006)(same); Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc., 2004 U.S. Dist. LEXIS 28007 (N.D. Ill. Dec. 28, 2004)(same); Man Roland, Inc. v. Quantum Color Corp., 57 F. Supp. 2d 576 (N.D. Ill. 1999)(contract did not specifically contradict or negate any alleged prior oral statements and nothing in the term "as is" should have aroused suspicion that the printing press could not perform as specified in the alleged misrepresentations); and Sequel Capital v. Rothman, 2003 U.S. Dist. LEXIS 29067 (N.D. Ill. Nov. 20, 2003)(alleged misrepresentations did not contradict the contract). Accordingly, Plaintiff's allegations of numerous misrepresentations made by Defendants, unrelated to defects in the vehicle, are actionable, and Plaintiff is entitled to conduct discovery regarding similar misconduct by Defendants.

III. Judge Denlow Erred By Applying The Wrong Legal Standard To Plaintiff's Motion To Compel.

Defendants' final argument is that Plaintiff has somehow "misinterpreted" the Magistrate's reasoning for denying Plaintiff's motion to compel. (Response, pg 7). However, the transcript speaks for itself. The Magistrate's decision was based on his desire to move the case forward and facilitate settlement discussions among the parties, and not based on the liberal standard for the scope of permissible discovery. See May 28, 2008 transcript, pgs 7-10 (attached as Exhibit A to Plaintiff's Objection) ("This is a case that involves one transaction between two parties. And to permit it to be expanded ... it would be a miscarriage of justice. ... At what point in time will the plaintiff be prepared to make a written settlement demand?;" and "[t]ry to, you know ... set up a settlement conference before then, or come in ready to tell me where you stand on settlement.") While the Magistrate's goal of docket expediency is admirable, the true miscarriage of justice would be to allow his ruling to deny Plaintiff the right to obtain from Defendants information that is clearly within the scope of allowable discovery. Finally, there can be no serious argument that it was clear error to deny the motion based upon the size of the claim, *see e.g. Mathias* and *Gore*, or because the case is not a class action.

CONCLUSION

Accordingly, for all of the foregoing reasons, Magistrate Judge Denlow's May 28, 2008 order should be rescinded and Defendants should be ordered to respond to interrogatory no. 24 and document request no. 26, which seek information that is reasonably calculated to lead to the discovery of admissible evidence.

John S. Stafford, III, an individual

By: /s Alexander D. Marks
One of his Attorneys

7

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
312-840-7000
312-840-7900 (facsimile)
474176

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing Plaintiff's Reply in Support of Objection to the Magistrate Judge's Order Denying Motion to Compel Discovery Responses to be filed electronically in the Northern District of Illinois and to be served electronically on:

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606

on the 27th day of June, 2008 before the hour of 5:00 pm.

/s Alexander D. Marks