58877-7



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DOUGLAS D. SNYDER,

GENERAL JURISDICTION DIVISION

    Plaintiff,

Case No.:_____ **0619915**

vs.

MARVIN FREIDMAN, individually,
and CARS OF YESTERDAY INC., a corporation,

    Defendants.

_____/

**13**

## COMPLAINT

COMES NOW the Plaintiff, DOUGLAS D. SNYDER, by and through his undersigned

counsel, and sues Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., and

states as follows:

1.    This is an action for damages in excess of $15,000, exclusive of interest and costs.

2.    At all times material hereto, the Plaintiff, DOUGLAS D. SNYDER, was a

    resident of Jefferson County, Ohio (hereinafter referred to as "Plaintiff").

3.    At all times material hereto, Defendant, MARVIN FRIEDMAN, was a resident of

    Broward County, Florida, and is otherwise sui juris.

4.    At all times material hereto, Defendant, CARS OF YESTERDAY INC., was a

    Florida corporation licensed to and doing business in Broward County, Florida

    and the owner/seller of a 1957 Chevrolet Bel Air Convertible 150/210, VIN

    VC57L203563 (hereinafter the "Chevrolet"), with a "buy now" price on Ebay of

    $59,888.00, in Broward County, Florida.

CASE NO._____

**Statement of Facts**

5.    On or about June 19, 2006, Defendants, MARVIN FRIEDMAN and CARS OF YESTERDAY INC., posted for sale the Chevrolet in question on Ebay with a "buy now" price of $59,888.00.

6.    The Chevrolet was advertised as being in "show condition" and having recently undergone a $70,000 high dollar "body off" restoration, the 283 engine was to have been completely rebuilt as was the generator, water pump and transmission.

7.    Further, it was advertised that the Chevrolet had been partially rewired and had all new interior carpets and had its top replaced and the chrome and that the pot metal had been refinished.

8.    Following discussions with Marvin Freidman regarding the condition of the Chevrolet, on or about May 25, 2006, the Plaintiff agreed to purchase the Chevrolet for the full price of $59,888.00 and entered into an agreement with Defendant for the same.

9.    On or about June 9, 2006, Plaintiff received the Chevrolet and discovered that the vehicle was not in the condition as had been advertised.  Specifically, the Chevrolet had not received a "body off" restoration, an engine overhaul, transmission overhaul, charging system was not working, wiring was burned up, and the car would not start.

10.    Further, the Chevrolet, upon receipt, had numerous nonconformities with the representations and advertisement for sale of the vehicle, including, but not

CASE NO._____

limited to, the body of the Chevrolet had been filled with bondo and had been painted over. The chrome had not been removed from the car prior to the car being painted and, therefore, the chrome has visible overspray on it. And, the radiator and transmission of the subject vehicle were in very poor condition.

11.    Upon Plaintiff's discovery, on or about June 9, 2006 that the subject vehicle did not conform to the advertised offer, Plaintiff contacted Marvin Freidman and revoked acceptance of the subject vehicle and requested a refund by email correspondence dated June 9, 2006. The same has been denied by the Defendant.

12.    The subject vehicle is in substantially the same condition as received and has not been involved in an accident or sustained any damage since the Plaintiff's purchase of the vehicle and receipt of same from the Defendant on June 9, 2006.

13.    As a result of the aforesaid, Plaintiff has been deprived of the benefit of his bargain and was deceived into purchasing a vehicle worth far less than the amount paid and whose resale value is greatly diminished, has been unable to recover the funds paid for the vehicle, and has overpaid and will continue to overpay for insurance and taxes; has experienced and will continue to experience problems with the vehicle due to the undisclosed, nonconforming condition and has lost the use of the full value of the vehicle; has and will have to pay funds in an effort to complete repairs and restorations to the vehicle in relation to the undisclosed condition and will incur expenses for engine, transmission and electrical, and body repairs.

CASE NO._____

14.    Plaintiff has been greatly shocked, angered, humiliated, embarrassed, annoyed, aggravated, and inconvenienced by the Defendant's conduct and the resulting actual and consequential damages.

## COUNT I
## Rescission For Material Misrepresentation Of Material Facts

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

15.    On or about June 19, 2006, Defendants, MARVIN FRIEDMAN and CARS OF YESTERDAY INC., posted for sale the Chevrolet in question on Ebay with a "buy now" price of $59,888.00.

16.    Following discussions with Marvin Freidman regarding the condition of the Chevrolet, on or about May 25, 2006, the Plaintiff agreed to purchase the Chevrolet for the full purchase price of $59,888.00 and entered into a contractual agreement with Defendants for the same.

17.    Upon receiving the vehicle, Plaintiff discovered that the vehicle was not in the condition as had been advertised.  In particular, Defendants' Ebay listing made representations that the subject vehicle was in "show condition" and had undergone a $70,000.00 high dollar "body off" restoration.

18.    Additionally, upon receipt, Plaintiff discovered numerous nonconformities with the representations and advertisement for sale of the vehicle, including, but not limited to, the body of the Chevrolet had been filled with bondo and had been painted over. The chrome had not been removed from the car prior to the car

4

CASE NO._____

being painted and, therefore, the chrome has visible overspray on it.  And, the radiator and transmission of the subject vehicle were in very poor condition.

19.    Immediately upon learning of these misrepresentations of fact Plaintiff demanded cancellation of the contract and return of the money he had paid as well as offered to reconvey the property. Defendant has refused the recession.

20.    Plaintiff is ready, willing and able to reconvey the vehicle in the same condition as when defendant conveyed it to plaintiff.

21.    Plaintiff has no adequate remedy at law because the vehicle that Plaintiff received is not capable of ever being the vehicle he intended to purchase and as such is entitled to rescission of the contractual agreement between the Plaintiff and Defendants and the losses and damages set forth above.

22.    Had the Plaintiff known the actual condition of the subject vehicle prior to purchase he would not have purchased the vehicle.

WHEREFORE Plaintiff demands rescission of the underlying contract between Plaintiff and Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, in addition, Plaintiff demands damages including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, together with the interest and cost of suit and any further relief that the court deems just and proper.

CASE NO. _____

## COUNT II
### Fraud

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges

23.    When listing the vehicle on Ebay and subsequently entering into the agreement to sell the vehicle to the Plaintiff, Defendants knew that the subject vehicle had in fact not undergone a $70,000.00 high dollar "body off" restoration and was aware that the other representations made with regard to the condition of the subject vehicle were false.

24.    However, Defendants made the aforesaid representations about the condition of the vehicle in spite of said knowledge.

25.    At the time that the Defendants made these misrepresentations, Defendants knew that these material representations were false and made the representations intentionally, for the purpose of defrauding the Plaintiff and intending that the Plaintiff accept such representations and act in reliance upon such representations.

26.    Plaintiff believed and justifiably relied upon Defendants' material representation with regard to the condition of the subject vehicle.

27.    As a result of Plaintiff's reliance upon Defendants' representations, Plaintiff was induced to purchase the subject vehicle and sustained the losses and damages as set forth above.

28.    Defendants (i) intentionally concealed facts with regard to the true condition of the subject vehicle and intentionally mislead the Plaintiff with regard to an alleged

CASE NO._____

restoration of the subject vehicle; and (ii) intentionally represented facts as true without the requisite knowledge of the truth of such facts.

29.   As a result of the Defendant's concealment and misrepresentations of the aforesaid material facts with regard to the condition of the subject vehicle, Plaintiff acted in a manner differently than he would have acted had Plaintiff known the true facts.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, together with interest and cost of suit and, because the fraud averred is specific, certain and conclusive, Plaintiff is entitled to and hereby demands reasonable attorneys fees pursuant to prevailing Florida case law and any further relief that the court deems just and proper.

## COUNT III
### Revocation of Acceptance

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

30.   The nonconformities in the subject vehicle substantially impair its value to the Plaintiff who did not know of these nonconformities or undisclosed conditions prior to purchase and was misled by Defendants' representations

31.   Defendant has failed and refused to honor Plaintiff's timely revocation of acceptance in violation of Florida Statute Section 672.608.

CASE NO. _____

32.    As a result of Defendants' breach of contract justifying Plaintiff's revocation of acceptance, Plaintiff has suffered the following damages, which expenses were all reasonably incurred: overpaying for insurance and taxes on the subject vehicle, and the additional cost of upkeep and care of the vehicle since it was not in the represented condition.

WHEREFORE Plaintiff demands judgment for damages against Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, and any further relief that the court deems just and proper.

## COUNT IV
### Implied Warranty of Fitness for Particular Purpose

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

33.    At the time that the sales agreement was signed, Defendant knew that Plaintiff was seeking to purchase a vehicle that was in show condition and had been completely restored, and that Plaintiff was relying upon Defendant's skill and judgment to furnish a vehicle for such purposes.

34.    As a result of the matters alleged above, Defendant impliedly warranted that the vehicle would be suitable for Plaintiffs intended purpose.

35.    Defendants breached the implied warranty of fitness described above in that the vehicle was not in "show condition" and having recently undergone a $70,000 high dollar "body off" restoration.

8

CASE NO._____ __ _____

36.     As a direct and proximate result of Defendants' breach of the implied warranty described above, Plaintiff suffered economic losses such as but not limited to paying a higher premium for car insurance, paying higher taxes. The losses are either permanent or continuing in their nature and plaintiff will suffer the losses in the future.

37.     On June 9, 2006, Plaintiff notified defendant in writing, pursuant to Fla Stat § 672.607(3)(a), of the injuries and damages sustained by Plaintiff as a result of Defendants' breach of the implied warranty described above.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, together with the interest and cost of suit and any further relief that the court deems just and proper.

## COUNT V
### Unfair and Deceptive Acts or Practices

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

38.     Defendant committed unfair and deceptive acts or practices in the sale of the Chevrolet in violation of the Florida Deceptive and Unfair Trade Practices Act.

39.     The sale of the Chevrolet at issue in this cause was a "consumer transaction" within the scope of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 to 501.213 of the Florida Statues.

9

CASE NO. _____

40.    Plaintiff has never been engaged in the business of the sale of used cars and trucks.

41.    In engaging in the above conduct, Defendants committed an unfair and deceptive act or practice in connection with the sale of the vehicle in question, in that the Defendants knew that the vehicle was not in "show condition," had not undergone the body restoration, had not received an engine overhaul, transmission overhaul, the charging system was not working, wiring was burned up, and the car would not start.

42.    In addition, the body of the Chevrolet had been filled with bondo and had been painted over. The chrome had not been removed from the car prior to the car being painted and, therefore, the chrome has visible overspray on it. And, the radiator and transmission of the subject vehicle were in very poor condition,

43.    On June 9, 2006, Plaintiff requested that Defendants refund Plaintiff's money and allow Plaintiff to return the Chevrolet.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, reasonable attorneys fees pursuant to Florida Statute Section 501.211(2) together with the interest and cost of suit and any further relief that the court deems just and proper.

CASE NO. _____

## COUNT VI
### Breach of Express Warranties

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

44.    Defendants expressly warranted that the vehicle had recently undergone certain work and that vehicle was in working condition.

45.    In reasonable and justifiable reliance on Defendant's forgoing expressed warranty, Plaintiff purchased said vehicle.

46.    That said vehicle was defective and not of merchantable quality.

47.    Defendant breached express warranties in connection with the sale of the subject vehicle.

48.    As a result of the breach of express warranty, Plaintiff has suffered the losses detailed above.

WHEREFORE Plaintiff demands judgment for damages against Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, together with the interest and cost of suit and any further relief that the court deems just and proper.

## COUNT VIII
### Unconscionability

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

CASE NO._____

49.    The purchase price charged and paid by the Plaintiff herein for the subject vehicle was unconscionable as a matter of law in light of the condition of the subject vehicle.

50.    As noted above, Defendant advertised the subject vehicle as being in "show condition" and having recently undergone a $70,000 high dollar "body off" restoration.

51.    As a result of the unconscionable dealing by Defendants, Plaintiff has suffered the losses detailed above.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, MARVIN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, together with the interest and cost of suit and any further relief that the court deems just and proper.

## COUNT IX
### Breach of Implied Warranty of Merchantability

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges:

52.    At all times mentioned in this complaint, Defendants were in the business of selling vehicles at retail to the general public.

53.    At the time that the sales agreement was signed, Defendant as a merchant with respect to goods of the kind described above.

12

CASE NO._____

54.   Defendant knew that Plaintiff was seeking to purchase a vehicle that was in show condition and had been completely restored, and that Plaintiff was relying upon Defendant's skill and judgment to furnish a vehicle for such purposes.

55.   Defendant, as a merchant with respect to goods of the kind described above, impliedly warranted that the Chevrolet was merchantable and fit for the ordinary purposes for which it was intended.

56.   In purchasing the vehicle described above, Plaintiff, relied on the implied warranty of merchantability.

57.   Defendants breached the implied warranty of merchantability in that the vehicle was not in merchantable condition when sold to the Plaintiff or at any time thereafter and was not fit for the ordinary purpose for which a classic car, such as the 1957 Chevrolet Bellaire convertible is used.

58.   As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, plaintiff suffered damages in excess of the jurisdictional limits.

59.   On June 9, 2006, Plaintiff notified defendant in writing, pursuant to Fla Stat § 672.607(3)(a), of the injuries and damages sustained by Plaintiff as a result of Defendants' breach of the implied warranty of merchantability.

WHEREFORE Plaintiff demands judgment for damages against Defendants, MARViN FRIEDMAN, and CARS OF YESTERDAY INC., as a result of Defendants' unlawful conduct, including but not limited to actual damages as listed above, compensatory damages in excess of the jurisdictional limits, together with the interest and cost of suit and any further relief that the court deems just and proper.

CASE NO._____

## Count X
## Breach of Contract

Plaintiff, DOUGLAS D. SNYDER, repeats and realleges each and every allegation contained in paragraphs 1-14 above as if fully set forth herein, and further alleges

60. On or about May 26, 2006, Plaintiff and Defendants entered into a written contract for the sale of the Chevrolet in the above listed condition. *See* Agreement dated May 26, 2006, attached as Exhibit "A".

61. Defendants were to deliver to Plaintiff the advertised Chevrolet in the condition as listed in the Ebay listing as well as corresponding e-mails.

62. Defendants breached said agreement by

a. not delivering the said vehicle in the advertised condition; and

b. failing to worn the Plaintiff that said vehicle was not in show condition.

63. Plaintiff has performed all conditions precedent to be performed by plaintiff or the conditions have occurred.

WHEREFORE, Plaintiff demands judgment against Defendants for damages in excess of the jurisdictional limits and compensatory damages sufficient to fully compensate Plaintiff for losses sustained as aforementioned, plus interest, costs and expenses, including damages for the annoyance, aggravation, inconvenience and loss of use of the subject vehicle and transportation costs, and attorney fees and costs pursuant to the contract, as well as for any further relief as this Court deems just and appropriate.

CASE NO. _____

## **DEMAND FOR JURY TRIAL**

Plaintiff, DOUGLAS D. SNYDER, hereby demands trial by jury on all issues so triable.

WICKER, SMITH, O'HARA, MCCOY,
GRAHAM & FORD, P.A.
Attorney for Plaintiff, DOUGLAS D. SNYDER,
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353

By: _James E. Zloch_    12/7/06
**James E. Zloch**
Florida Bar No. 241776
**Jason A. Glusman**
Florida Bar No. 0419400



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DAVID ADES,

    Plaintiff(s),

    vs.

CARS OF YESTERDAY, INC.,

    Defendant(s).

Case No.:    0807086    13

GENERAL JURISDICTION DIVISION

FILED FOR RECORDING
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA
2008 FEB 18 PM 1:52
CIRCUIT CIVIL

## COMPLAINT



Plaintiff, DAVID ADES, by and through the undersigned counsel, hereby brings this civil

action against Defendant, CARS OF YESTERDAY, INC., and in support alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter in that it is an action for damages in an

amount that is greater than $15,000.00 exclusive of all costs, interest and attorney's fees.

2.    Venue is proper in Broward County in that the Defendant is located in Broward

County and all payments herein were to be made in Broward County, Florida.

### PARTIES

3.    Plaintiff, DAVID ADES, is a resident of Quebec, Cananda.

4.    Defendant, CARS OF YESTERDAY, INC., is a domestic corporation which

maintains a business office in Broward County, Florida.

### COUNT I
### BREACH OF CONTRACT

5.    Plaintiff repeats and realleges paragraphs 1 through 4 in their entirety as paragraph 5.

6.    This is a cause of action for damages by Plaintiff against Defendant for breach of

contract.

-1-

7.     In April, 2007, Defendant offered for auction a 1967 Lincoln Continental convertible automobile on eBay.

8.     On April 16, 2007, Plaintiff accepted Defendant's offer by placing the winning bid on the auction. The winning bid was for $24,995.00.

8.     The winning bid created a binding contract upon both parties. The terms of the contract are the terms of the eBay auction listing. A true and correct copy of the eBay auction is attached hereto as Exhibit "A".

9.     The express terms of the contract state that the automobile was "Just Restored" and that many parts of the automobile were either new or recently rebuilt.

10.     On April 17, 2007, Plaintiff and Defendant signed a written Purchase Contract for the purchase and sale of the aforementioned automobile. A true and correct copy of the purchase contract is attached hereto as "Exhibit B".

11.     The attempted Warranty Disclaimer drafted and attached to the contract by Defendant is contrary to and inconsistent with the express terms of the auction and as such must be stricken from the contract and given no effect.

12.     Plaintiff has at all times performed all the stipulations, conditions, and agreements stated in the contract to be performed and has done so in the manner specified by the contract.

13.     Defendant has failed and refused, and still fails and refuses, to perform on the contract.

14.     Specifically, Defendant has committed a material breach of the contract by failing to deliver a 1967 Lincoln Continental fit for ordinary road usage, in good mechanical working condition, and in acceptable cosmetic appearance.

15.    In fact, the automobile sold to Plaintiff had numerous <u>concealed</u> mechanical defects requiring extensive repairs as well as requiring substantial cosmetic repairs and refinishing.

16.    The mechanical condition of the car is in fact so poor that the Canadian Department of Motor Vehicles has deemed the car unfit for the road.

17.    By reason of Defendants breach, the automobile requires extensive mechanical and cosmetic repairs to restore the automobile to the "Just Restored" condition which Defendant expressly warranted the car to be in.

18.    By reason of the foregoing breach, Plaintiff has been damaged in the sum of more than $15,000.00, no part of which has been paid.

19.    Plaintiff has satisfied all conditions precedent prior to filing this suit.

WHEREFORE Plaintiff, DAVID ADES, prays for a judgment against Defendant, CARS OF YESTERDAY, INC., for an amount greater than $15,000.00 as damages for breach of contract, prejudgment interest,  and any other further relief this Court deems proper and just.

## COUNT II
## BREACH OF EXPRESS WARRANTY

20.    Plaintiff repeats and realleges paragraphs 1 through 4 in their entirety as paragraph 20.

21.    This is a cause of action by Plaintiff against Defendant for a breach of an express warranty.

21.    On or about April 16, 2006, Plaintiff and Defendant entered into a contract for the purchase and sale of a 1967 Lincoln Continental.

22.    Defendant expressly warranted the automobile to be in "Just Restored" condition. Defendant affirmed as fact that the automobile was sold with a retuned motor, detailed engine compartments, rebuilt carburetor, rewired spark plugs, and replaced and/or rewired convertible top mechanism. A true and correct copy of the eBay auction listing containing Defendant's assertions of facts is attached as "Exhibit A".

23.    On April 17, 2007, Plaintiff and Defendant signed a Purchase Contract for the aforementioned automobile. A true and correct copy of the purchase contract is attached hereto as "Exhibit B".

24.    The attempted Warranty Disclaimer drafted and attached to the contract by Defendant is contrary to and inconsistent with the express terms of the auction and as such must be stricken from the contract and given no effect.

25.    Subsequent to the winning bid, but prior to taking possession, Defendant, by and through its agent, Dr. Marv Friedman, asserted that thousands of dollars and many months were spent in the restoration of the automobile. Defendant, by and through its agent, Dr. Marv Friedman, further asserted that the car "looks and drives magnificent!." A true and correct copy of the email sent from Defendant on April 16, 2007 is attached hereto as "Exhibit C".

26.    Such subsequent assertion of fact and additional assurances became part of the express warranty as to the condition of the automobile and required no consideration.

27.    The affirmation and/or promise as to the "Just Restored" condition of the automobile induced the Plaintiff into bidding and ultimately purchasing the automobile from Defendant.

28.    Upon taking possession of the automobile and subsequent inspection, Plaintiff discovered that the automobile was sold with major mechanical defects. The mechanical defects will require substantial repair and/or replacement work. The automobile also requires substantial cosmetic repair an re-finishing work.

29.    In fact, the Canadian Department of Motor Vehicles has deemed the vehicle unfit for the road.

30.    Any oral and/or written statement attempting to disclaim the express warranty of the condition of the automobile is contrary to and inconsistent with the express warranty and statements of fact. As such, any disclaimer inconsistent with the express must fail.

31.    Defendant was given notice of the foregoing breach on October 29, 2007. A true and correct copy of the letter to Defendant is attached hereto as "Exhibit D".

32.    By reason of the foregoing breach of warranty, Plaintiff was injured in an amount greater than $15,000.00 for remedial mechanical and cosmetic repairs to the 1967 Lincoln Continental purchased from Defendant.

WHEREFORE Plaintiff, DAVID ADES, prays for a judgment against Defendant, CARS OF YESTERDAY, INC., for an amount greater than $15,000.00 as damages for breach of an express warranty, prejudgment interest,  and any other further relief this Court deems proper and just.

## COUNT III
## FRAUD AND MISREPRESENTATION

33.    Plaintiff repeats and realleges paragraphs 1 through 4 in their entirety as paragraph 33.

34.    This is an action for damages by Plaintiff against Defendant for fraud and misrepresentation.

35.    Defendant by and through its agents, made certain false and fraudulent misrepresentations of material facts to Plaintiff concerning the mechanical condition and cosmetic appearance of a 1967 Lincoln Continental offered for sale on an eBay auction listing.

36.    Specifically, Defendant stated that the car was in "Just Restored" condition, was in good mechanical working condition, and was in good cosmetic appearance. Specifically, Defendant stated that years had been spent restoring the automobile, that all the interior and carpeting was replaced, that the chrome and pot metal was re-plated or replaced, that the motor of the convertible top mechanism was rewired and replaced, that the motor was tuned and detailed, that the electric window motors were replaced, that all the rubber was replaced, and that the car was repainted.

37.    In fact, the automobile contained major concealed mechanical defects and requires extensive mechanical and cosmetic repairs.

38.    Defendant made the foregoing statements with knowledge that they were false with the intent that the Plaintiff rely and act upon them.

39.    The defects were not readily ascertainable and were in fact concealed.

40.    By reason of Plaintiff's reliance on these false and fraudulent statements, Plaintiff bid on and subsequently purchased the automobile from Defendant.

41.    Plaintiff reasonably relied upon these false and fraudulent misrepresentations to Plaintiff's detriment and Plaintiff could not reasonably ascertain the truth of the same.

WHEREFORE Plaintiff, DAVID ADES, prays for a judgment against Defendant(s), CARS OF YESTERDAY, INC., for and amount greater than $15,000.00 as damages for fraud and misrepresentation, prejudgment interest, and any other further relief this Court deems proper and just.

Respectfully submitted:

RUSSELL LAW OFFICES
28 West Flagler Street, Suite 201
Miami, Florida 33130
Tel. (305) 373-3826
Fax (866) 722-1165

By: _____

Patrick Russell, Esq.
Fla. Bar No. 995568