IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Court No:   07 C 6504 |
| ) | |
| CARS OF YESTERDAY, INC., a Florida ) | Judge Gettleman |
| Corporation; and MARVIN FRIEDMAN, an ) | Magistrate Judge Denlow |
| individual, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION FOR SANCTIONS**

Defendant, Marvin Friedman ("Friedman"), by his attorneys, Bradley B. Falkof and Barnes & Thornburg LLP, moves this Court to impose sanctions against Plaintiff's attorneys for disclosing information tendered to them in strict confidence, during settlement discussions.

**Background Facts**

1. Plaintiff has filed a complaint for fraud in this Court, claiming that Friedman misrepresented the condition of a 1957 Cadillac Eldorado Brougham (the "Vehicle"), before Plaintiff purchased the Vehicle.

2. On May 28, 2008, Plaintiff's attorneys served on Friedman a notice of deposition to be taken in Chicago, Illinois. Because Friedman resides in Florida and is unable to travel due to his poor health, he objected to appearing in Chicago for his deposition.

3. On June 13, 2008, Plaintiff filed with this Court a Motion to Compel the Deposition of Marvin Friedman (the "Motion").

4. As the parties proceeded with discovery, they also engaged in settlement discussions.

5. As part of these settlement discussions and at the request of Plaintiff's counsel, on June 18, 2008, Friedman's counsel, Bradley B. Falkof, sent Plaintiff's attorneys two confidential documents (the "Documents") together with a cover letter. A copy of Falkof's letter is attached hereto as *Exhibit A*.

6. One of the Documents was Friedman's 2007 Federal Income Tax Return.

7. In his June 18, 2008 the letter, Falkof labeled the Documents as "CONFIDENTIAL: FOR SETTLEMENT DISCUSSION PURPOSES ONLY" and "FOR ATTORNEYS EYES ONLY." Further, the text of Falkof's letter emphasized that the Documents were being provided to Plaintiff's attorneys pursuant to Plaintiff's attorneys' agreement to keep the Documents confidential and for attorneys' eyes only.

8. Two days later, on June 20, 2008, Plaintiff filed a Supplement to Motion to Compel the Deposition of Marvin Friedman (the "Supplement"). The Supplement noted that "Plaintiff recently became aware that Defendant Friedman, at least for the 2007 calendar year, claimed significant travel and entertainment expenses." A copy of Plaintiff's Supplement is attached as *Exhibit B*.

9. The only possible source for the Plaintiff's "recently" discovered information is the Documents, that Plaintiff's attorneys had promised to keep confidential and for attorneys' eyes only.

## Argument

I. **This Court should sanction Plaintiff's attorneys for their violation of the rule of confidentiality in settlement proceedings.**

10. This Court has the absolute authority and responsibility to discipline an attorney's misconduct in relation to a settlement proceeding. *Keck Garrett & Assocs., Inc. v. Nextel Commc'n, Inc.*, 517 F.3d 476, 488 (7th Cir. 2008). Although there is no rule directly addressing the confidentiality of documents produced during settlement proceedings in the District Court, the Courts have found support in *Rule 33*. The Seventh Circuit has held that, although *Rule 33* is a rule of appellate procedure, "the district court certainly also has the authority to address the accusation" resulting from a violation of the rule of confidentiality in the District Court. *Id.*

11. Simply, attorneys should never violate the rule of confidentiality inherent in settlement conferences to gain a strategic advantage. *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007).

12. The settlement discussion between Plaintiff and Friedman is analogous to a *Rule 33* settlement conference. Plaintiff's attorneys and Friedman's counsel engaged in settlement negotiations and, on June 18, 2008, Friedman's counsel agreed to transmit the Documents, provided Plaintiff's attorneys kept the Documents confidential and for attorneys' eyes only. Plaintiff's attorneys expressly agreed to keep the Documents confidential and for attorneys' eyes only.

13. Plaintiff's attorneys, however, failed to keep the Documents confidential and for attorneys' eyes only. Immediately after they received the Documents, Plaintiff's attorneys filed the Supplement and introduced confidential information gleaned from one of the Documents.

14. Plaintiff's attorneys' failure to ensure the confidentiality of the Documents significantly discourages future settlement discussions between the parties. Moreover, Plaintiff's attorneys' misconduct violates the rule of confidentiality in settlement proceedings.

15. This Court should sanction Plaintiff's attorneys for their failure to maintain the confidentiality of information disclosed as part of settlement proceedings.

16. This Court further should bar Plaintiff and his attorneys from inquiring further, either in oral or written discovery, in regard to any matter disclosed to Plaintiff's counsel in the Documents.

## Conclusion

In the interest of justice, the Defendant, Marvin Friedman, requests this Court to grant his motion for sanctions, impose restrictions on Plaintiff's use of confidential information contained in the Documents, impose a monetary sanction against Plaintiff's attorneys, award Defendant his attorneys fees incurred in connection with the preparation and presentation of this motion, and award such other relief as this Court deems fair and just.

Respectfully submitted,

MARVIN FRIEDMAN

By: /s/ Bradley B. Falkof
One of Their Attorneys

Bradley B. Falkof
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 BBF 472547v1

4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing Defendant's Motion for Sanctions was served on the following:

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60610

by facsimile and by depositing the same in the U.S. Mail first-class postage paid, from One N. Wacker Drive, Chicago, Illinois, before the hour of 5:00 p.m., on this 3rd day of July 2008.

/s/ Bradley B. Falkof

CHDS01 BBF 473567v1

**EXHIBIT A**

Case 1:07-cv-06504  Document 53  Filed 07/03/2008  Page 6 of 11

# BARNES & THORNBURG LLP

Suite 4400
One North Wacker Drive
Chicago, IL 60606-2833 U.S.A.
(312) 357-1313
Fax (312) 759-5646

www.btlaw.com

June 18, 2008

**CONFIDENTIAL: FOR SETTLEMENT DISCUSSION PURPOSES ONLY**
**VIA FACSIMILE**

Mr. Ira Levin
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611

    Re:   *John S. Stafford III v. Cars of Yesterday, Inc. and Marvin Friedman*
          Case No:   07 CV 6504

Dear Ira:

In accordance with our settlement discussions in the above-captioned case, enclosed please find the following FOR ATTORNEYS EYES ONLY confidential documents:

1. Affidavit of Richard Hofberg, to which is attached the 2007 business tax return for Cars of Yesterday, Inc.

2. Affidavit of Marvin A. Friedman, to which is attached his 2007 1040 tax return, 1040-V Payment Voucher, and the U.S. Dept. of Justice Debtor Statement for Mr. Friedman.

As we agreed when we last spoke, the confidentiality of these documents must be ensured. We believe that we can achieve the goal of providing you with useful information to judge the financial wherewithal of the defendants, while maintaining the confidentiality of the information contained in the enclosed documents, by restricting their viewing to attorneys eyes only.

As Hyatt Fried mentioned last week, time is of the essence if we are to resolve this litigation by exchanging the subject vehicle for the purchase price paid by Mr. Stafford. We look forward to hearing from you at your earliest convenience.

                      Very truly yours,

                      BARNES & THORNBURG LLP

                      Bradley B. Falkof

BBF:eas
Enclosures
cc:   Marvin Friedman

CHDS01 BBF 470851v1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-6504 |
| CARS OF YESTERDAY, INC. a Florida ) | |
| Corporation; and MARVIN FRIEDMAN, an ) | Judge Robert W. Gettleman |
| individual ) | Magistrate Judge Morton Denlow |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENT TO MOTION TO
COMPEL DEPOSITION OF MARVIN FRIEDMAN**

Plaintiff John S. Stafford, III, ("Stafford"), by and through his attorneys, for his supplement to his previously filed motion to compel Defendant Marvin Friedman ("Friedman") to appear in Chicago for his deposition, states as follows:

1. Defendant Friedman contends that he is too sick to travel to Chicago for his deposition. Plaintiff recently became aware that Defendant Friedman, at least for the 2007 calendar year, claimed significant travel and entertainment expenses. Casting further doubt on Friedman's claim that his unspecified psychiatric health condition prevents him from traveling to Chicago is a significant criminal record for fraud, embezzlement and money laundering. A copy of Friedman's criminal record is attached as Exhibit A, which includes a 57 month prison term.

2. Plaintiff's counsel has also recently discovered that Friedman and defendant Cars of Yesterday have multiple fraud and deceptive practices cases pending against them in Broward County, Florida, along with approximately 20 closed cases. Some of these cases, including Douglas D. Snyder v. Marvin Friedman and Cars of Yesterday, Inc., case number 0619915, and David Ades v. Cars of Yesterday, Inc., case number 0807086, are very similar to Plaintiff's complaint here. Copies of the complaints in the *Snyder* and *Ades* cases are attached as Exhibit B.

3. Accordingly, this Court should not accept at face value the doctor's notes that Freidman obtained, which fail to provide any specifics as to the medical condition that Friedman purportedly suffers from. Moreover, there is nothing within the doctor's notes to connect the mysterious condition to travel restriction outside of South Florida and no time limit on the restriction is given despite plaintiff's request for same. At a minimum, to try to avoid the deposition here in Chicago, Freidman must demonstrate that he has a valid medical excuse and indicate the time period during which travel is restricted. Counsel for plaintiff also presently has no plans to travel to South Florida for any depositions in this case.

4. Finally, Plaintiff has been advised that Friedman's personal Florida attorney, Hyatt Fried, intends to appear in this case. Accordingly, Friedman has the option of traveling to Chicago with his attorney.

John S. Stafford, III, an individual

By:   /s Alexander D. Marks
One of his Attorneys

Ira M. Levin
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
312-840-7000
312-840-7900 (facsimile)
473330.1

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing Plaintiff's Supplement to Motion to Compel Deposition of Marvin Friedman to be filed electronically in the Northern District of Illinois and to be served electronically on:

Bradley B. Falkof
Barnes & Thornburg, LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606

on the 20th day of June, 2008 before the hour of 5:00 pm.

                                                                   /s Alexander D. Marks