IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CARS OF YESTERDAY, INC., a Florida ) <br> Corporation; and MARVIN FRIEDMAN, an ) <br> individual, ) <br> ) <br> Defendants. ) | Court No: 07 C 6504 <br><br> Judge Gettleman <br> Magistrate Judge Denlow |

### MOTION FOR LEAVE TO SUPPLEMENT AFFIRMATIVE DEFENSES

The Defendants, Cars of Yesterday, Inc. ("Cars of Yesterday"), and Marvin Friedman ("Friedman"), by their attorneys Bradley B. Falkof and Hyatt Fried, and pursuant to Federal Rules of Civil Procedure 8 and 15, request this Court for leave to supplement, *instanter*, their Affirmative Defenses in this cause. In support hereof, Defendants state as follows:

1. Plaintiff has filed a Complaint for violation of the Illinois Consumer Fraud Act and for common law fraud, arising out of Plaintiff's purchase from Defendants of a 1957 Cadillac Eldorado Brougham.

2. On December 19, 2007, Defendant, Cars of Yesterday, answered Plaintiff's Complaint and filed its Affirmative Defenses. On February 25, 2008, Defendant, Friedman, filed his Answer to the Complaint and Affirmative Defenses.

3. Since the filing of Defendants' Answers and Affirmative Defenses, Defendants have learned that Plaintiff has failed to mitigate his damages.

4. A copy of Defendant's Supplemental Affirmative Defenses is attached hereto as Exhibit A.

WHEREFORE, Defendants request leave of this Court to supplement their Affirmative Defenses to include a claim for failure to mitigate damages and for such other relief as this Court deems fair and just.

Respectfully submitted,

CARS OF YESTERDAY, INC., and MARVIN FRIEDMAN


By:  /s/ Bradley B. Falkof
   One of Their Attorneys

Bradley B. Falkof
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

Hyatt M. Fried
Fried & Associates, P.A.
1384 Camellia Circle
Penthouse Suite
Weston, Florida 33326
(954) 923-2000

CHDS01 BBF 474013v1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN S. STAFFORD, III, an individual,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| -vs-  ) | Court No:    07 C 6504 |
| ) | |
| CARS OF YESTERDAY, INC., a Florida  ) | Judge Gettleman |
| Corporation; and MARVIN FRIEDMAN, an  ) | Magistrate Judge Denlow |
| individual,  ) | |
| ) | |
| Defendants.  ) | |

### DEFENDANTS' SUPPLEMENTAL AFFIRMATIVE DEFENSES

The Defendants, Cars of Yesterday, Inc., and Marvin Friedman, by their attorneys, Bradley B. Falkof and Barnes & Thornburg LLP, for their Supplemental Affirmative Defenses in this cause, state as follows:

### THIRD AFFIRMATIVE DEFENSE

1.      On or about September 20, 2007, Plaintiff, John S. Stafford III ("Stafford") and Cars of Yesterday, Inc., entered into a purchase contract (the "Purchase Contract") for the sale and purchase of a 1957 Cadillac Eldorado Brougham (the "Vehicle") for the total sale price of $130,000. A copy of the Purchase Contract is attached to Defendants' Answers to Complaint and Affirmative Defenses, as Exhibit 1.

2.      The Purchase Contract contained a front side and a back side. The back side of the Purchase Contract contained the general terms and conditions of the buyer's purchase order, including the following:

> If I decide NOT to take possession of this vehicle at seller's place of business in Broward County, FL, & seller initiates and assists in the shipping of this vehicle to me, I agree that the seller is NOT responsible or liable for any damage to this vehicle sustained while in the possession of the transporter unless otherwise specified. I am responsible for paying any/all transportation fees due to the transporter who transports the vehicle I have purchased to the location I have requested.

3.  Any damage that was discovered in the Vehicle was the result of shipping of the Vehicle, after the Vehicle left Defendants' control.

4.  Under the terms of the Purchase Contract, any damage caused by shipping is the responsibility of the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

1.  Plaintiff had an obligation to exercise reasonable diligence and ordinary care, following delivery of the Vehicle, to reduce, mitigate, or minimize his damages as a result of the alleged wrongful act of the Defendants.

2.  Following delivery of the Vehicle, Plaintiff has failed to exercise reasonable diligence to reduce, minimize, or mitigate any damages he claims he suffered as a result of the alleged wrongful conduct of the Defendants.

3.  Following Plaintiff's determination that there were defects in the Vehicle that allegedly made the Vehicle unacceptable, Plaintiff had an obligation to sell the Vehicle so that there would not be any depreciation in the value of the car or due to depreciation in the auto sales market.

WHEREFORE, any damages sought by Plaintiff should be reduced by any amount caused by others or as a result of Plaintiff's failure to mitigate his damages.

                                  Respectfully submitted,

                                  CARS OF YESTERDAY, INC. and MARVIN FRIEDMAN

                                  By: /s/ Bradley B. Falkof
                                         One of Its Attorneys

Bradley B. Falkof
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 BBF 474021v1